UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD HENDERSON, | ) | |
| | ) | Case No. 23 CV 4802 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Durkin |
| v. | ) | |
| | ) | |
| KENNETH BOUDREAU, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SEAN TYLER, | ) | |
| | ) | Case No. 23 CV 4803 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Durkin |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendants the City of Chicago, former Chicago Police Officers Kenneth Boudreau, John Halloran, Michael Clancy, James O'Brian, Patrick Golden, Richard Coughlin, Geri Lynn Yanow, as the Independent Administrator of the Estate of William Foley, and William Moser ("Defendant Officers"), and former Assistant State's Attorneys Virgina Bigane and Steven Klaczynski, (collectively "Defendants"), by their respective undersigned counsel, move for entry of a Protective Order, and state:

**INTRODUCTION**

Plaintiffs Tyler and Henderson filed suit against Defendants under 42 U.S.C §1983 alleging they were wrongfully convicted and incarcerated for the 1994 murder of Rodney Collins—largely contending their convictions and subsequent incarceration was a result of Defendants' conduct.

Defendants now move for the entry of a protective order to properly facilitate and protect confidential records during discovery in this matter.

Prior to filing this motion, Defendants' counsel communicated with Plaintiffs' attorneys via telephone on May 13, 2024 and via email on May 20, 2024 and June 7, 2024. Plaintiffs' attorneys agreed that a proposed protective order is appropriate to allow the parties to obtain and produce non-public/confidential records. The sole dispute relative to Defendants' proposed Order is the proposed language in paragraph 6 regarding the redaction of personal identifying information ("PII"). Defendants' proposed order, including the objected provision in paragraph 6 regarding redacting PII, has been entered in numerous cases after similar, if not exactly, the same disputes with Plaintiffs' counsel. Specifically, on April 15, 2024, Magistrate Judge Finnegan entered an order granting good cause to enter Defendants' proposed protective order, which included the paragraph for redaction of PII. *Martinez v. Guevara,* 23-C-1741 (N.D. Ill. April 15, 2024), Dkt. 154; *see also Munoz v. Guevara*, 23 C 3210, Dkt. 116 p. 5, (N.D. Ill. May 7, 2024)(Kim, MJ);*see also Gonzalez v. Guevara,* 22-CV-6496 (N.D. Ill. Nov. 20, 2023) (McShain, MJ), Dkt. 141 at ¶¶2, 6; *Davila v. Guevara,* 23-CV-1739 (N.D. Ill. Nov. 29, 2023) (Daniel, MJ), Dkt. 92 at ¶¶2, 6; *Flores v. Guevara,* 23-CV-1736 (N.D. Ill. Oct. 31, 2023) (Tharp, J.), Dkt. 53 at ¶¶2, 6; *Rodriguez v. Guevara,* 18-CV-7951 (N.D. Ill. June 29, 2021) (Cox, MJ), Dkt. 156 at ¶¶2, 6; *Iglesias v. Guevara,* 19-CV-6508 (N.D. Ill. Dec. 16, 2020) (Valdez, MJ), Dkt. 104 at ¶¶2, 6; *Negron v. Guevara,* 18-CV-2701 (N.D. Ill. Jul. 24, 2020), (Weisman, MJ), Dkt. 105 at ¶¶2, 6; *Bouto v. Guevara,* 19-CV-2441 (N.D. Ill. June 23, 2020) (Cox, MJ), Dkt. 137 at ¶¶1(b), 5; *Gomez v. Guevara,* 18-CV-3335 (N.D. Ill. Aug. 9, 2019) (Kocoras, J), Dkt. 75 at ¶¶1(b), 5. (Copies of Orders are attached hereto as Group Exhibit 1.)

The Defendants respectfully request this Court to enter Defendants' proposed Protective Order, which has been submitted to the Judge's proposed order email consistent with this Court's standing orders.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Bond v. Utreras*, 585 F.3d 1061, 1068 (7th Cir. 2009). "Rule 26(c) allows a court to shield certain documents from the public where there is good cause to do so." *Bond*, 585 F.3d at 1074. The rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab, Ctr., LLC,* 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012).

While court proceedings generally are open to public scrutiny, not all materials produced in discovery (but unfiled in court proceedings) may be freely available or disseminated to the public. To the contrary, courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue in this case. For instance, in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) the Supreme Court held that the public's right of access is limited to traditionally publicly available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." The Supreme Court recognized that Rule 26(c) allows for protection from annoyance and embarrassment, and while Rule 26(c) does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Seattle Times Co.,* 467 U.S. at 35, n. 21.

The Seventh Circuit has consistently held that "[t]here are good reasons to treat the public's

right to access filed and unfiled discovery materials differently." *Bond,* 585 F.3d at 1074-75. "Generally speaking, the public has no constitutional, statutory (rule based) or common-law right of access to unfiled discovery." *Id.* at 1073. The Seventh Circuit has confirmed its position in distinguishing between filed and unfiled discovery for purposes of confidential protection. *See Goesel v. Boley Int'l,* 738 F.3d 831, 833 (7th Cir. 2013). Quoting its earlier decision in *Baxter International, Inc. v. Abbott Labs.,* the Seventh Circuit stated, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption."*Goesel,* 738 F.3d at 833 (quoting *Baxter* 297 F.3d 544, 545 (7th Cir. 2002)).

Moreover, while Illinois statutes do not control this Court's determination, such statutes provide helpful guidance in determining whether there is good cause for defining various information as confidential. *See, e.g., Johnson v. Kemps ,*No. 09 CV 4857, 2011 WL 2550507 at *2 (N.D. Ill. June 20, 2011). In addition, the Juvenile Court Act, 705 ILCS 405/1-1 *et. seq.* (protects the disclosure of juvenile court and law enforcement records), the Illinois Identity Protective Act, 5 ILCS 179/10(b)(1) (protects citizens from identity theft).

## ARGUMENT

### I. There Is Good Cause for Entry of a Protective Order

Defendants anticipate the scope of discovery will encompass the production of documents and oral testimony that may contain highly sensitive, non-public, and confidential information including: (a) information prohibited from disclosure by statute, including but not limited to juvenile records; (b) medical and mental health information; (c) personal identity information, including but not limited to social security numbers and drivers' license numbers; (d) financial records; and (e) personnel or employment records regarding Defendants and non-

party witnesses which should not be generally available to the public. Courts have found good cause to enter protective orders regarding the parties' personnel and employment records because those records "routinely contain highly personal information" which would "unfairly and gratuitously invade... privacy." *O'Malley v. Vill. of Oak Brook*, 2008 WL 345607, at *2 (N.D. Ill. Feb. 6, 2008). Accordingly, there is good cause for Defendants proposed language regarding the redaction of PII, and Defendants respectfully request this Court to enter their proposed protective order.

II. **Protection of PII Has Been Consistently Endorsed by the Court to Protect Non-Parties' Privacy Rights.**

Tyler and Henderson's primary objection with Defendants' proposed confidentiality order pertains to the redactions of personal identifying information of non-party witnesses (with the exception of police officers), which reads:

> 6. **Redaction of Personal Identifying Information.** Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual state's attorneys and police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.

This section is necessary to protect the personal identifying information of current and former non-defendant police officers, state's attorneys, and their families. Allowing such information to be produced would not only violate the privacy rights of that non-defendant but would pose a safety risk for that officer/state's attorney and their family. In the event Tyler and Henderson require certain PII to locate a non-defendant police officer or state's attorney witnesses, such information may be provided on a witness-by-witness basis. Furthermore, the dissemination of social security numbers and other identifying information, including dates of birth for other non-

parties would be a violation of their privacy rights. As to any concerns counsel for Tyler and Henderson may have about Defendants having unilateral access to the information to create a litigation advantage, Defendants do not use the unredacted files to seek out witnesses, and Tyler nor Henderson are able to identify a time when Defendants have ever done so. Likewise, Defendants cannot find an instance in which it has used the redacted information to its advantage, and Defendants do not plan to start now.

Indeed, in the past, Defendants have informed counsel for Tyler and Henderson in other cases that if they need someone's information from a certain document where PII is redacted, they can simply ask, and Defendants would work with them to identify the contact information they need. *See Gonzalez,* Dkt. 140, Court's Order on Defendant's Motion for Entry of Confidentiality Order, at p. 7 (accepting Defendants' representation that it would meet and confer with plaintiff regarding the need for additional contact information to locate witnesses whose identifying information had been redacted) (*citing Prince v. Kato,* 2019 WL 3554533, at *5 (N.D. Ill. July 30, 2019) (same)) *See also, Martinez,* 23-C-1741 Dkt. 154. Indeed, it is typically Defendants that ask Plaintiffs for contact or identifying information, and other than police officers, Defendants cannot think of any occasion where counsel for Tyler or Henderson have requested the PII of any third-party witness. Whatever the case, Defendants have repeatedly succeeded on paragraph 6 of their proposed confidentiality order. *See supra,* Guevara cases, p. 2.

Multiple courts have agreed to the inclusion of paragraph 6 over plaintiff's objection. *See Munoz v. Guevara,* 23 C 3210, Dkt. 116, p. 5 (N.D. Ill. May 7, 2024)(Kim, MJ); *Rodriguez v. Guevara,* 18-CV-7951 (N.D. Ill. June 29, 2021) (Cox, MJ), Dkt. 156; *Iglesias v. Guevara,* 19-CV-6508 (N.D. Ill. Dec. 16, 2020) (Valdez, MJ), Dkt. 104; *Negron v. Guevara,* 18-CV-2701 (N.D. Ill. Jul. 24, 2020) (Weisman, MJ), Dkt. 105; *Bouto v. Guevara,* 19-CV-2441 (N.D. Ill. June 23, 2020)

(Cox, MJ), Dkt. 137; *Gomez v. Guevara,* 18-CV-3335 (N.D. Ill. Aug. 9, 2019) (Kocoras, J), Dkt. 75; *Sierra v. Guevara,* 18-CV-3029 (N.D. Ill. Jul. 1, 2019) (Weisman, MJ), Dkt. 123. This includes recent cases where the issue was just litigated, and the Court has accepted Defendants' position that it will confer in good faith to resolve any issues related the PII redactions, and bring any issues that cannot be resolved to the court for resolution. *See Davila v. Guevara,* 23-CV-1739 (N.D. Ill. Nov. 3, 2023) (Daniel, MJ), Dkt. 88 at pp. 15-16 ("I adopt the defendant's proposed language. In an abundance of caution, I think it appropriate to protect sensitive information. That said, I understand the plaintiff's concerns about redactions making materials unintelligible. If this becomes an issue, the parties should confer to try to resolve the matter. If necessary, either party may raise this issue with [the court]"); *see also Davila,* Dkt. 92 at ¶6; *Flores v. Guevara,* 23-CV-1736 (N.D. Ill. Oct. 31, 2023) (Tharp, J.), Dkt. 53 at ¶6 (accepting Defendants' proposed paragraph 6 on PII but denying the portion regarding the Juvenile Court Act); *Gonzalez v. Guevara,* 22-CV-6496 (N.D. Ill. Nov. 20, 2023) (McShain, MJ), Dkt. 141 at ¶6 (same). Further, as one Court has observed, when faced with a similar objection in *Prince,* Magistrate Judge Harjani held that "this type of sensitive, personal identifying information" was "reasonably necessary and appropriate to protect" in discovery, as the social security numbers or names of an officer's family have no relevance to the underlying issues. *Prince,* 2019 WL 3554533, at *5. For all these reasons, paragraph 6 should be included.

### *The Parties' Compliance with L.R. 37.2*

Counsel for the parties engaged in a telephone conference on May 13, 2024, where each party discussed their respective positions on the issue presented by Defendants' contention that Defendants proposed language regarding PII is appropriate and has been widely accepted in courts within this district. After the parties communicated via email on May 20, 2024 and June 7, 2024

Plaintiffs' opposition to Defendants proposed language was confirmed. Thus, the parties remain at an impasse.

*Proposed Agreed Briefing Schedule*

Plaintiffs' Response to be filed by July 3, 2024

Defendants Reply to be filed by July 19, 2024

## CONCLUSION

WHEREFORE, Defendants respectfully request this Honorable Court enter Defendants' Proposed Confidentiality Order, and for any other relief as this Honorable Court deems just and reasonable.

Date: June 14, 2024                                  Respectfully submitted,

/s/Andrew J. Grill                                   /s/ Alexis M. Gamboa
ANDREW J. GRILL                                      ALEXIS M. GAMBOA, Atty. No. 6331348
*One of the Attorneys for Officer Defendants*        *One of the Attorneys for Defendant City of Chicago*

Andrew J. Grill                                      James G. Sotos
Eileen Rosen                                         Lisa M. Meador
Brittany Johnson                                     David A. Brueggen
Patrick Moran                                        George J. Yamin Jr.
Rock Fusco & Connelly, LLC                           Daniel J. McGinnis
333 W. Wacker Drive, 19th Floor                      Alexis M. Gamboa
Chicago, IL 60606                                    THE SOTOS LAW FIRM, P.C.
Tel: (312) 494-1000                                  141 W. Jackson Blvd, Suite 1240A
                                                     Chicago, IL 60604
                                                     Tel: (630) 735-3300
                                                     agamboa@jsotoslaw.com

/s/ Michael C. Stephenson
MICHAEL C. STEPENSON
*One of the Attonrneys for Steve Klaczynski and Virginia Bigane*

Matthew R. Howroyd
James M. Lydon
Stephen Mehr
Michael C. Stephenson
Hinshaw & Culbertson LLP

8

151 N. Franklin St., Suite 2500
Chicago, IL 60606
Tel: (312) 704-3288

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on June 14, 2024, I electronically filed the foregoing **Defendants' Motion for Entry of Protective Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed below.

***Attorneys for Plaintiff Reginald Henderson:***
Jennifer A. Bonjean
Ashley B. Cohen
Gabriella Orozco
Bonjean Law Group, PLLC
750 Lexington Avenue, 9th Floor
New York, NY 10022
718-875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com
gabriella@bonjeanlaw.com

***Attorneys for Cook County***
Kelli Huntsman
Cook County State's Attorney's Office
500 Richard J. Daley
Chicago, IL 60602
312-603-7379
kelli.huntsman@cookcountysao.org

**Attorney for Steven Klaczynski and Virgina Bigane**
Matthew R. Howroyd
James M. Lydon
Stephen Mehr
Michael C. Stephenson
Stephen D. Mehr
Hinshaw & Culbertson LLP
151 N. Franklin St, Suite 2500
Chicago, IL 60606
312-704-3288

mhowroyd@hinshawlaw.com
jlydon@hinshawlaw.com
smehr@hinshawlaw.com
mstephenson@hinshawlaw.com
smehr@hinshawlaw.com

**Attorney for Defendant Officers**
Eileen Rosen
Andrew Grill
Brittany Johnson
Patrick Moran
Rock Fusco & Connelly, LLC
333 West Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com
pmoran@rfclaw.com

**Attorneys for Plaintiff, Sean Tyler:**
Heather Lewis Donnell
Gayle Horn
Elliot Slosar
Loevy &Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Tel: (312)243-5900
heather@loevy.com
gayle@loevy.com
elliot@loevy.com

/s/ Alexis M. Gamboa
ALEXIS M. GAMBOA, Atty. No. 6331348
*One of the Attorneys for Defendant City of Chicago*