UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD HENDERSON, | ) | |
| | ) | Case No. 23 CV 4802 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Durkin |
| v. | ) | |
| | ) | |
| KENNETH BOUDREAU, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SEAN TYLER, | ) | |
| | ) | Case No. 23 CV 4803 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Durkin |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## MOTION FOR HIPAA AND MENTAL HEALTH PROTECTIVE ORDER

Defendants the City of Chicago, former Chicago Police Officers Kenneth Boudreau, John Halloran, Michael Clancy, James O'Brian, Patrick Golden, Richard Coughlin, Geri Lynn Yanow, as the Independent Administrator of the Estate of William Foley ("Defendant Officers"), and former Assistant State's Attorneys Virgina Bigane and Steven Klaczynski, (collectively "Defendants"), by their respective undersigned counsel, move for entry of a HIPAA and Mental Health Protective Order and state:

### INTRODUCTION

Given Plaintiffs Sean Tyler ("Tyler") and Reginald Henderson ("Henderson") claims of physical, psychological, and emotional harm, the parties agree that a Health Insurance Portability and Accountability Act ("HIPAA") and Mental Health and Developmental Disabilities

Confidentiality Act ("MHDDCA") protective order ("HIPAA Order") is necessary to obtain Tyler's and Henderson's medical and mental health records. However, the parties disagree over whether Tyler and Henderson are entitled to have documents subpoenaed by Defendants to be returnable to Plaintiff's counsel to conduct a screening for alleged privilege assertions their medical and mental health records before disclosure to Defendants. The Defendants assert Tyler and Henderson have waived any applicable privilege, so no review is necessary and respectfully request this Court to enter Defendants' proposed Qualified HIPAA and Mental Health Protective Order, which has been submitted to the Judge's proposed order email consistent with this Court's standing orders.

## LEGAL STANDARDS

The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). The Court retains broad discretion to manage this discovery process, including through the entry of protective orders. *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017). To that end, Federal Rule of Civil Procedure 26(b)(1) authorizes the Court to order discovery of any material relevant to this litigation, while Rule 26(c)(1) permits entry of a protective order concerning certain discovery upon a showing of good cause. *See* Fed. R. 26(b)(1), (c)(1).

In the context of discovery, relevancy is broadly construed to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). "Relevancy for discovery is flexible and has a broader meaning than admissibility at trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001) (citing *Eggleston v. Chicago*

*Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 903 (7th Cir.1981)). Because the core of the requested discovery here—Tyler's and Henderson's medical and mental health records—relates to their claims for damages, that discovery is indisputably relevant under Rule 26(b)(1.) *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 518 (N.D. Ill. 2018) ("No citation is needed to support the proposition that discovery related to a plaintiff's claim for damages is relevant.").

Federal and Illinois statutes protect the confidentiality of medical and mental health information. *See generally* HIPAA, 42 U.S.C. § 1320d et seq.; the Illinois Mental Health and Developmental Disabilities and Confidentiality Act ("IMHDDCA"), 740 ILCS 110/1 et seq.; 20 ILCS 301/30-5; 42 U.S.C § 290dd-2; 42 CFR Part 2. All these confidentiality provisions have exceptions to their protections, however, which permit disclosure pursuant to court order. *See* HIPAA 45 C.F.R. § 164.512(c); IMHDDCA 740 ILCS 110/10(d); 20 ILCS 301/30-5(bb)(2)(E); 42 U.S.C § 290dd-2(b)(2)(C); 42 C.F.R. 2.61-2.65.

Federal Rule of Evidence 501 governs the applicability of privilege and authorizes courts to define the boundaries of privilege "in light of reason and experience." Fed. R. Evid. 501. Federal common law determines whether privilege applies in federal causes of action even if accompanied by supplemental state law claims. *See Northwestern Memorial Hospital v. Ashcroft,* 362 F.3d 923, 926 (7th Cir. 2004); *Memorial Hosp. for McHenry County v. Shadur,* 664 F.2d 1058, 1061, n. 3 (7th Cir. 1981). Federal common law does not recognize a physician-patient privilege. *See United States v. Bek,* 493 F.3d 790, 801-02 (7th Cir. 2007); *Northwestern,* 362 F.3d at 926. The Supreme Court in *Jaffee v. Redmond* did recognize a psychotherapist-patient privilege. 518 U.S. 1, 10 (1996). But the psychotherapist-patient privilege recognized in *Jaffee* is not absolute and is subject to waiver. (*Id.* at 15 n.14.) Specifically, where a litigant puts

3

his mental state at issue, he waives the psychotherapist-patient privilege, entitling the opposing party to fully investigate the claims injected into the litigation. *Doe v. Oberweis*, 456 F.3d 704, 718 (7th Cir. 2006).

## ARGUMENT

**I. Tyler and Henderson Have Placed Their Medical and Mental Health Conditions at Issue, Waiving the Psychotherapist-Patient Privilege.**

Tyler and Henderson both allege Defendants "framed" them for the 1994 murder of Rodney Collins by manufacturing admissions from them both. Ex. 1 (*Henderson* First Amended Complaint., Dkt. 57 at ¶¶ 2-8); Ex. 2 (*Tyler* First Amended Complaint., Dkt. 41 at ¶¶ 1-3.) Tyler and Henderson further allege Defendants coerced, threatened, and manipulated witness statements prior to extracting their involuntary confessions, specifically by physically coercing a confession from Henderson and by physically and psychologically torturing a confession out of Tyler. (Dkt. 57 at ¶ 8; Dkt. 41 at ¶ 5.) Henderson specifically alleges he was shackled to a wall for an extended period of time prior to being questioned by Defendant Officers, and during his interrogation he claims he was grabbed by the throat, threatened with wrongful prosecution, had his head slammed into a desk, and was struck multiple times. (Dkt. 57 at ¶¶ 45-52.) Tyler claims Defendant Officers beat him in the chest and slapped his face numerous times and threatened continued abuse if he did not cooperate. (Dkt. 41 at ¶¶ 56-58.) Further, Tyler alleges after he confessed, he was taken to the emergency room because he was vomiting blood. (Dkt. 41 at ¶ 62.). As a result, Tyler and Henderson declare they were wrongfully convicted, causing them to lose twenty-five and twenty-six years of their lives for which they suffered, and continue to suffer, physical and emotional harm. (Dkt. 57 at ¶ 111-113, 121, 131, 138, 146, 154, 160; Dkt. 41 at ¶ 110-114,120, 136,138, 156, 168.)

Tyler and Henderson have clearly injected their physical conditions into this case, and because a federal physician-patient privilege is unrecognized any claims to a "privilege review" of subpoenaed medical records of their physical treatment and conditions is meritless.

As to Tyler and Henderson's mental health records, Defendants do not come before this Court arguing that Tyler or Henderson has waived the psychotherapist privilege by simply filing this lawsuit and alleging damages for emotional distress. Rather, Defendants maintain—consistent with the law in the Seventh Circuit—that when a Plaintiff places his psychological state at issue, Defendants have a right to conduct discovery into those claims through his medical and mental health records. *Laudicina v. City of Crystal Lake,* 328 F.R.D. 510, 515 (N.D. Ill. 2018). Here, Tyler and Henderson have injected their psychological state into this case by asserting emotional and psychological harm as a substantial component of their damages claim. Tyler and Henderson cannot use the psychotherapist privilege as both a "sword and shield," and Defendants respectfully request this Court find Tyler and Henderson have waived their psychotherapist privilege and enter Defendants' proposed protective order that permits defense counsel to obtain the records necessary to defend against both Tyler's and Henderson's serious allegations.

In addition to their claims of physical injury noted above, both Tyler's and Henderson's First Amended Complaints are replete with claims of emotional and psychological harm. Tyler and Henderson allege that their experiences of being wrongfully imprisoned was traumatizing both during incarceration and in the aftermath, including to the present day. Henderson alleges "[he] has suffered and continues to suffer *enormous* physical and psychological injury as a direct and proximate result of Defendants' misconduct." (Dkt. 57 at ¶ *111*) (emphasis added). Henderson further alleges he lost the ability to raise his daughter. (*Id*. at ¶ 112). Specifically, Tyler claims he has experienced a vast loss of liberty and suffered tremendous hardship. (Dkt. 41

at ¶¶ 109-114). This included losing decades of time where he was stripped of the ability to share holidays and important life events with his loved ones. (*Id*. at ¶ 111). In connection with his legal claims, Tyler claims as damages (among other things) "*tremendous damage,* including physical injury, **psychological trauma**, and emotional damages all caused by Defendants' misconduct." (*Id*. at ¶ 114) (emphasis added). Tyler and Henderson have explicitly placed both their physical and emotional health over the last three decades at issue in this case.

In comparing medical privileges to the attorney-client privilege, courts have stated that "waiver is based upon the obvious principle of fairness that a party 'cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.'" *Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 989 (N.D. Ill. 2010) (citing *Santelli v. Electro–Motive,* 188 F.R.D. 306, 309 (N.D. Ill. 1999)).[1] Courts have been very clear that a party "cannot use a privilege as both a shield and a sword." *Kronenberg*, 747 F. Supp. 2d at 989 (citing *In re Grand Jury Proceedings,* 219 F.3d 175, 182 (2d Cir. 2000)). Here Tyler and Henderson argue for the opportunity to precisely do that by shielding their mental health records from discovery while being able to claim significant mental health injuries.

The "rule espoused in *Oberweis*" has been described as "straightforward and unequivocal." *Taylor v. City of Chicago*, No. 14 C 737, 2016 WL 5404603, at *3 (N.D. Ill. August 28, 2016). *Laudicina v. City of Crystal Lake*, 328 F.R.D. at 514 (N.D. Ill.2018) (noting that "the language that the Seventh Circuit uses in *Oberweis* is broad and sweeping," and "the

---

[1] *In re Grand Jury Proceedings,* 219 F.3d 175, 182 (2d Cir.2000) ("implied waiver may be found where the privilege holder 'asserts a claim that *in fairness* requires examination of protected communications.'") (attorney-client privilege); *Lorenz v. Valley Forge Insurance. Co.,* 815 F.2d 1095, 1098 (7th Cir.1987) ("Implicit disclosure can occur when a holder ... relies on a legal claim or defense, the truthful resolution of which will require examining confidential communications.").

judges on the Seventh Circuit are careful writers: They say what they mean and mean what they say. The broad language hedges no bets.") Here, Tyler and Henderson bring claims premised on their physical and mental health and allege damages based on *severe* impact to their mental and physical health resulting directly from Defendants' purported misconduct. (Dkt. 57 at ¶¶ 12, 111-113; Dkt. 41 at ¶¶ 109-114.) Clearly, considering their own allegations, Tyler and Henderson have placed both their physical and mental health directly at issue in this litigation. Put simply, Tyler and Henderson cannot maintain an action for medical and mental health damages and then also assert privilege and prevent discovery of information about their mental health conditions. *See Oberweis*, 456 F.3d at 718.

Nonetheless, Tyler and Henderson still insist that they can reserve the right to assert privilege until after they preview their records, essentially permitting them to choose which records to disclose and which records to insulate from discovery. But this precise position, advanced by the same plaintiff's counsel, has been rejected by multiple judges in the Northern District.[2] By way of example, Magistrate Judge Valdez explained that "[Plaintiff] contends that his proposed production scheme [an advance preview of records] is necessary to ensure that any privileges are not waived. Plaintiff misunderstands that, by putting his psychological history at issue, he has *already* waived any such privileges related to his psychological records." *Kluppelberg v. Burge, et al.,* No. 13 C 3963, Dkt. 136, at 2 (April 10, 2014, J. Valdez) (emphasis

---

Defendants acknowledge that other courts in this district have accepted Plaintiff's 7-day review argument. *See, e.g.*, *Robinson v. Frano*, et al., 23 C 2724, Dkt. 74 (N.D. Ill. May 6, 24)(citing *Gecht*, 23 C 1742)(McShain); *Lugo v. Guevara*, et al., 23 C 1738, Dkt. 94 (N.D. Ill. April 26, 24)(citing *Abrego*, 23 C 1740)(Maldonado); *Abrego v. Guevara*, et al., 23 C 1740, Dkt. 116 (N.D. Ill. April 22, 24)(Seeger);(*Martinez v. Guevara*, 23-cv-01741, Dtk. 114 (N.D. Ill. Dec. 11, 2023)(Finnegan); *Billups-Dryer v. Sheehan*, 20-cv-1597 (N.D. Ill. Dec. 7, 2022), Dkt. 101; *Liggins v. Chicago*, 20-cv-4085 (N.D. Ill. Mar. 31, 2021), Dkt. 47; *Rodriguez v. Guevara*, et al., 18 C 07951, Dkt. 71 (N.D. Ill. Jan. 8, 20)(Rowland)(Court allowing a 3-day review period).

7

in original) *see also Sopron v. Cassidy,* No. 19-CV-8254, Dkt. 216, (Mar. 21, 2023, J. Valdez); *Iglesias v. Guevara*, No. 19-CV-6508, Dkt. 132, (June 30, 2021, J. Valdez.) In *Coleman v. City of Chicago*, No. 1:18-cv-00998, 2019 WL 7049918, at *4 (N.D. Ill. Dec. 23, 2019), the Court found waiver of the psychotherapist privilege stating, "the Court shares Defendants' concern that allowing a plaintiff to cherry-pick favorable mental health records and claim privilege over records weakening their emotional damages claims, thereby enabling the plaintiff to use the privilege as both shield and sword."

This view has since been echoed by multiple courts in this district. *Laudicina*, 328 F.R.D. at 520 ("Although the mental health records are privileged, Plaintiff waived the privilege by placing his mental health at issue."); *Liebich v. DelGuidice*, No. 20 C 2368, Dkt. 99, at *3 (N.D. Ill. Feb. 12, 2021) (holding "plaintiff has waived any psychotherapist-patient privilege that might otherwise apply" because plaintiff "put his mental state squarely at issue in this case.") *Jakes v. Boudreau*, No. 19 C 2204, 2020 WL 5297007, at *2 (N.D. Ill. Sept. 4, 2020) ("[T]he Court need not decide in this case whether the broad or middle-ground approach [to waiver] governs. Because Plaintiff has alleged emotional-distress damages and those allegations go beyond 'garden variety,' as follows, the Court concludes that Plaintiff has waived his psychotherapist-patient privilege under either approach.").

Additionally, there have been several recent decisions made by Courts in this district, such as a May 2, 2024 order in *Hernandez v. Guevara, et al.*, 23 CV 01737 (Dkt. 111)(Daniel, J.), in which the court denied Plaintiffs' request for a HIPAA protective order allowing them a psychotherapist-patient privilege review of mental health records subpoenaed by Defendants, holding that Plaintiffs' allegations of "loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing

8

injuries. . ." placed their mental health not only at issue, but beyond the reach of the privilege they sought to assert. (A copy of the Order is attached hereto as Exhibit 3.) On April 25, 2024, in *Flores v. Guevara, et al.*, 23 CV 1739 (Dkt. 75), Judge Tharp also denied the portion of Plaintiff's proposed HIPAA protective order which provided for a 7-day period for a psychotherapist-patient privilege review of subpoenaed records stating the Court believed it to be problematic due to "…the opportunity to shield from discovery documents subpoenaed by the defendants from third parties when the plaintiff's own allegations have made those documents relevant." (A copy of that Order is attached hereto as Exhibit 4.) On March 6, 2024, in *Rivera v. Guevara, et al.,* 23 CV 1739 (Dkt. 98), then Magistrate Harjani also rejected the portion of Rivera's proposed HIPAA protective order which provided for a 7-day period for a psychotherapist-patient privilege review of subpoenaed records. (A copy of that Order is attached hereto as Exhibit 5.) Similarly, on January 22, 2024, in *Daniel Rodriguez v. Guevara, et al.*, then Magistrate Harjani, after noting that Rodriguez broadly alleged severe physical and emotional harm, denied Plaintiff's request to include a provision in the HIPAA Order requiring all medical records be first provided to Plaintiff and instead adopted Defendants' proposed HIPAA order that contained no such provision. *Rodriguez*, 22 CV 6141 (Dkt. 118). (A copy of that minute entry is attached hereto as Exhibit 6.)

Significantly, Tyler and Henderson have not *yet* asserted the psychotherapist-patient privilege, nor have they pointed to a specific set of documents that are the subject of their concern. Rather, their concerns are both general and hypothetical in nature. Privilege reviews are not intended to enable obstruction, and the purpose of privilege is not such that a party can pick-and-choose what evidence is favorable to it. *Eli Lilly and Co. v. Zenith Goldline Pharmaceuticals, Inc*., 149 F. Supp. 2d 659, 661 (S.D. Ind., July 4, 2001) (In discussing waiver

9

of attorney-client privilege, "A party waiving the privilege may not merely pick and choose, disclosing favorable communications and concealing unfavorable ones.") Tyler and Henderson are not entitled to an advanced preview of subpoenaed records as a precondition to Defendants' access to discovery of medical and mental health records, and their endeavor to do so will be futile and serve only to frustrate the discovery process and needlessly delay Defendants' receipt of the documents.

**II.     Good Cause Exists to Enter Defendants' Proposed  HIPAA/Mental Health Protective Order**

Discovery of Tyler and Henderson's medical and mental health conditions are relevant and proportional to the needs of the case. Both Tyler and Henderson's current and past medical and mental health records will directly inform Defendants about the true nature of their alleged damages—including the cause, nature, extent, and duration of their claimed physical and psychological injuries and conditions. Defendants will additionally be required to gather evidence of Tyler and Henderson's baseline medical and mental health conditions prior to the alleged incident. This information is indispensable to determining whether there has been any change in the nature and extent of their conditions, based on their now-claimed damages of physical and psychological pain and suffering.

Indeed, there is *no* other source of evidence that can sufficiently demonstrate the true nature of Tyler and Henderson's medical and mental health conditions. If Defendants are unable to fully discover their mental and medical health conditions by obtaining records, they will be unduly—and irreparably—prejudiced in their defense against Tyler and Henderson's claimed mental and physical damages.

In addition, disclosure of Tyler and Henderson's medical and mental health records is more important to the interests of substantial justice than the interest of protecting their

relationship with their physicians and mental health professionals. Indeed, Tyler, Henderson and their respective counsel have made the conscious decision to inject their medical and mental health conditions into the cases. Tyler's First Amended Complaint states that his physical and mental health condition has suffered. (Dkt. 41 at ¶¶ 109-114, 120, 138, 156, 168.) Henderson's First Amended Complaint also asserts that his physical and mental health condition has suffered. (Dkt. 57 at ¶¶ 111-113, 121, 131, 138, 146, 154, 160.) Clearly, Tyler and Henderson have already placed their mental health and medical condition in the public record, which diminishes their interest in protecting these records. Accordingly, their interest in protecting these records does not overcome the good cause Defendants have to obtain their health information to determine the cause, nature, extent, and duration of the very physical and mental injuries/conditions that both Tyler and Henderson ascribes to Defendants' actions.

Of course a protective order is necessary here because Tyler and Henderson's medical and mental health providers will not disclose records unless the Court enters a protective order permitting such disclosure pursuant to the exceptions in HIPAA (45 C.F.R. § 162 and 164), IL MHDDCA (740 ILCS 110/3), and Illinois state and federal law that protects certain rehabilitation records related to drug and alcohol use (20 ILCS 301/30-5, 42 U.S.C. § 290dd-2, and 42 C.F.R. Part 2). Accordingly, Defendants have submitted their proposed protective order to the Judge's proposed order email inbox consistent with this Court's standing orders.

### *The Parties' Compliance with L.R. 37.2*

Counsel for the parties engaged in a telephone conference on May 13, 2024, where each party discussed their respective positions on the issue presented by Defendants' contention that Plaintiff has waived any privilege(s) relative to his medical and mental health records by placing his physical and emotional health at issue with his pleadings.

11

Following the parties' discussion, the parties communicated via email on May 20, 2024 and June 7, 2024 and remain at an impasse because Tyler and Henderson insist that the HIPAA Orders contain a provision mandating that all medical and mental health records subpoenaed by Defendants are returned to Plaintiff for a seven-day review period prior to production to Defendants. As detailed above, it is Defendants' position that imposition of a review on all such records is futile because any privilege has already been waived, and that the protective order should be entered without a provision requiring that the documents first be provided to Plaintiff for review.

### *Proposed Agreed Briefing Schedule*

Plaintiffs' Response to be filed by July 3, 2024

Defendants Reply to be filed by July 19, 2024

### CONCLUSION

WHEREFORE, Defendants respectfully request the Court enter the Proposed HIPAA and Mental Health Protective Confidentiality Order, pursuant to Federal Rule of Civil Procedure 26(b)(1), and for such further relief as this Court deems appropriate.

Date: June 14, 2024                                       Respectfully submitted,

/s/Andrew J. Grill                                        /s/ Alexis M. Gamboa
ANDREW J. GRILL                                           ALEXIS M. GAMBOA, Atty. No. 6331348
*One of the Attorneys for Officer Defendants*             *One of the Attorneys for Defendant City of Chicago*

Andrew J. Grill                                           James G. Sotos
Eileen Rosen                                              Lisa M. Meador
Brittany Johnson                                          David A. Brueggen
Patrick Moran                                             George J. Yamin Jr.
Rock Fusco & Connelly, LLC                                Daniel J. McGinnis
333 W. Wacker Drive, 19th Floor                           Alexis M. Gamboa
Chicago, IL 60606                                         THE SOTOS LAW FIRM, P.C.
Tel: (312) 494-1000                                       141 W. Jackson Blvd, Suite 1240A
                                                          Chicago, IL 60604
                                                          Tel: (630) 735-3300
                                                          agamboa@jsotoslaw.com

/s/ Michael C. Stephenson
MICHAEL C. STEPENSON
*One of the Attonrneys for Steve Klaczynski and Virginia Bigane*

Matthew R. Howroyd
James M. Lydon
Stephen Mehr
Michael C. Stephenson
Hinshaw & Culbertson LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
Tel: (312) 704-3288

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on June 14, 2024, I electronically filed the foregoing **Motion for HIPAA and Mental Health Protective Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed below.

***Attorneys for Plaintiff Reginald Henderson:***
Jennifer A. Bonjean
Ashley B. Cohen
Gabriella Orozco
Bonjean Law Group, PLLC
750 Lexington Avenue, 9th Floor
New York, NY 10022
718-875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com
gabriella@bonjeanlaw.com

***Attorneys for Cook County***
Kelli Huntsman
Cook County State's Attorney's Office
500 Richard J. Daley
Chicago, IL 60602
312-603-7379
kelli.huntsman@cookcountysao.org

**Attorney for Steven Klaczynski and Virgina Bigane**
Matthew R. Howroyd
James M. Lydon
Stephen Mehr
Michael C. Stephenson
Stephen D. Mehr
Hinshaw & Culbertson LLP
151 N. Franklin St, Suite 2500
Chicago, IL 60606
312-704-3288

mhowroyd@hinshawlaw.com
jlydon@hinshawlaw.com
smehr@hinshawlaw.com
mstephenson@hinshawlaw.com
smehr@hinshawlaw.com

**Attorney for Defendant Officers**
Eileen Rosen
Andrew Grill
Brittany Johnson
Patrick Moran
Rock Fusco & Connelly, LLC
333 West Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com
pmoran@rfclaw.com

**Attorneys for Plaintiff, Sean Tyler:**
Heather Lewis Donnell
Gayle Horn
Elliot Slosar
Loevy &Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Tel: (312)243-5900
heather@loevy.com
gayle@loevy.com
elliot@loevy.com

/s/ Alexis M. Gamboa
ALEXIS M. GAMBOA, Atty. No. 6331348
*One of the Attorneys for Defendant City of Chicago*