*Henderson v. Boudreau, et al.* – 23 CV 4802
*Tyler v. City of Chicago, et al.* – 23 CV 4803

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY FLORES, | |
| Plaintiff, | Case No. 23-cv-01736 |
| v. | Judge John J. Tharp, Jr. |
| REYNALDO GUEVARA, *et al.*, | |
| Defendants. | |

## ORDER

For the reasons set forth in the Statement below, the plaintiff's motion for entry of a HIPAA protective order [68] is denied in part and granted in part. The plaintiff is directed to submit a Microsoft Word version of its proposed HIPAA order to the Court's proposed order inbox, Proposed_Order_Tharp@ilnd.uscourts.gov.

## STATEMENT

The plaintiff's proposal to allow him to conduct a privilege review of any of his mental health records subpoenaed by the defendants is unwarranted where, as here, the plaintiff's pleadings and other discovery responses have put his mental state at issue. In such a case, "the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). The plaintiff argues that he has not yet put his mental state at issue because he may choose to seek only "garden variety" emotional damages, presumably meaning the sort of minor and temporary emotional reaction to a traumatic event that would not give rise to the need for psychotherapy. *Oberweis*—which states that a defendant is entitled to "any records" of a plaintiff's mental state when it has been put in issue—does not suggest such a limitation, but even assuming one, it is not material here because even the cursory descriptions of the emotional distress that the plaintiff has provided in this case go well beyond "garden variety" emotional distress.

The plaintiff claims that he suffered from a thirty-two-year period of wrongful imprisonment during which he asserts he endured "harsh, dangerous, unpredictable and isolating conditions" leading to "extreme physical and emotional harm." Pl.'s Resp. to Def. Mingey's Rog. 16, Ex. 2 to Defs.' Resp., ECF No. 70-3. His written discovery responses further characterize his emotional or mental injuries as involving "sleeplessness, anxiety, fear, anger, hopelessness, feeling unsafe, and fear of crowds." *Id.* Indeed, Plaintiff pleads an intentional infliction of severe emotional distress theory, which requires evidence that "the distress inflicted is so severe that no reasonable [person] could be expected to endure it." *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988) (quoting Restatement (Second) of Torts § 46, comment *j*, at 77 (1965)). It may be true, as Plaintiff argues, that he is the "master of his complaint," and could therefore reshape his damage

claims, but based on what he has alleged to date, discovery regarding the state of his mental health is clearly appropriate.

The plaintiff further argues that his proposal for a seven-day review period is workable, but the problem with the proposal is not the time afforded to the privilege review but the opportunity to shield from discovery documents subpoenaed by the defendants from third parties when the plaintiff's own allegations have made those documents relevant. Plaintiff asserts that there are unlikely to be many documents over which privilege is claimed, but that is hardly a compelling argument for affording the plaintiff a novel advance opportunity to screen documents subpoenaed from third parties by the defendants to counter claims that the plaintiff introduced to the case. Certainly, the exceedingly slim prospect that records relevant to the Plaintiff's mental health history will not be relevant to his claims of damage to his mental health caused by the defendants' alleged conduct does not warrant turning the standard discovery process on its head. If there are records produced that are not relevant to the plaintiff's claims of emotional distress (*i.e.*, outside the scope of documents he has put in issue), nothing in this order precludes him from seeking to have them sealed and/or barred as evidence due to their lack of relevance.

The plaintiff's motion also seeks to include in the HIPAA order provisions pertaining to physical and health records of shooting victim Jeffrey Rhodes and eyewitness Scott Thurmond. Certainly, Plaintiff has colorable reasons for obtaining the records described, and may do so as long as the required notice of any subpoenas seeking that information is provided so that timely objection (if any) can be made. In the anticipation that such records will be obtained, the proposed provisions relating to Rhodes and Thurmond will be included in the protective order.

Dated: April 25, 2024

John J. Tharp, Jr.
United States District Judge