IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN TYLER, | ) | |
| | ) | Case No. 23-CV-04803 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | Honorable Judge Thomas M. Durkin |
| *Defendants.* | ) | |
| | ) | |

| | | |
|---|---|---|
| REGINALD HENDERSON, | ) | |
| | ) | Case No. 23-CV-04802 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH BOUDREAU, et al. | ) | |
| | ) | Honorable Judge Thomas M. Durkin |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION FOR A HIPAA AND MENTAL HEALTH PROTECTIVE ORDER**

Plaintiffs, SEAN TYLER and REGINALD HENDERSON, by and through their attorneys, respectfully submits the following response in opposition to Defendants' Motion for Entry of a Protective Order [Dkt. 59], as follows:

**INTRODUCTION**

Plaintiffs do not contest Defendants' right to discover medical or mental health documents but seek entry of a HIPAA protective order that would allow them to review these records before Defendants receive them. This would permit the parties to determine whether there was a privilege assertion to adjudicate (in other cases litigated by undersigned counsel, counsel have conducted the review and disclosed all records rather than risk evidentiary consequences) before engaging in this

dispute. Plaintiffs propose that they review and produce all records within a week, or produce a privilege log for any withheld documents, which would allow Defendants the opportunity to challenge a privilege assertion if it were actually mounted.

Buried in a footnote in Defendants' Motion is the fact that numerous judges in this District have adopted HIPAA orders endorsing Plaintiffs' approach to reviewing records before production, including this Court in *Hill/Fountain* and in cases involving the Sotos firm (who represent the City). *Hill/Fountain v. Chicago*, 19-cv-6081 (N.D. Ill. Mar. 11, 2020), Dkt. 59 at 2 (attached as Ex.1).[1] In those cases, the sky has not fallen. If it had, Defendants would be quick to point it out. Instead, in each of the cases in which Plaintiffs have had the right to conduct a privilege check, records are promptly reviewed and produced. In the extremely rare situation where a privilege assertion is made, the parties attempt to resolve the dispute and only involve the Court if necessary.

In response, Defendants offer a string cite of cases adopting their view and claim that simply by asserting severe damages, Plaintiffs have placed all of their medical and mental health history over the last decades at issue. That argument not only flies in the face of well-settled law, but also fails to address why Plaintiffs' proposed procedure is unworkable. For these reasons, and those that follow, the Defendants' motion should be denied.

---

[1] In addition to the cases cited *infra*, Plaintiff directs the Court to the following orders permitting plaintiff's counsel to conduct a privilege review over mental health records: *Gonzalez v. Guevara*, No. 22-cv-6496 (N.D. Ill. Aug. 21, 2023), Dkt. 128 at 4 (Sotos firm is counsel of record) (attached as Exhibit 3); *Billups-Dryer v. Sheehan*, No. 20-cv-1597 (N.D. Ill. Dec. 7, 2022), Dkt. 101 (attached as Exhibit 4); *Bouto v. Guevara*, No. 19-cv-2441 (N.D. Ill. Feb. 2, 2020), Dkt. 104 at 2 (Sotos firm is counsel of record) (attached as Exhibit 5); *Rodriguez v. Guevara*, No. 18-cv-7951 (N.D. Ill. Feb. 11, 2020), Dkt. 78 at 2 (Sotos firm is counsel of record) (attached as Exhibit 6); *Liggins v. Chicago*, No. 20-cv-4085 (N.D. Ill. Mar. 31, 2021), Dkt. 47 (attached as Exhibit 7); *Anderson v. Chicago*, No. 16-cv-1963 (N.D. Ill. Nov. 29, 2016), Dkt. 89 at 3 (attached as Exhibit 8); Dkt. 101; *Glaze v. Chicago*, No. 14-cv-3120 (N.D. Ill. Dec. 17, 2014) (St. Eve., J.), Dkt. 92 at 3 (attached as Exhibit 9); *Awalt v. Marketti*, 287 F.R.D. 409, 416-17 (N.D. Ill. 2012) (Sotos firm is counsel of record).

**DISCUSSION**

This Court should not allow Defendants unfettered access to Plaintiffs' privileged mental health records. *See* Fed. R. Civ. P. 26(b)(1) (discovery sought must be relevant and proportionate to the needs of the case); *id.* 45(c)(3)(A) (court must "quash or modify" subpoena that seeks privileged matter); *id.* 26(c)(1) ("the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

**I.  This Court Should Adopt a Workable Procedure Before Deciding Privilege Issues**

Plaintiffs' view is that they should have the opportunity to obtain potentially privileged documents first, quickly review them, and then produce them, asserting privilege and providing a privilege log of documents withheld, if any documents are withheld. There are several reasons to follow this approach. First, as is usual with other assertions of privilege in federal litigation, providing the party holding a privilege the first opportunity to discover, review, and evaluate documents for privilege is an orderly process that maintains the privilege intact while the parties evaluate and communicate their positions about potentially privileged documents.

Second, as in most wrongful conviction cases, it is highly likely that at the end of the day there will not be any document over which the psychotherapist-patient privilege might be asserted, or the plaintiffs will choose not to assert that privilege over qualifying documents, and so the parties would avoid litigating and the Court would avoid having to decide a privilege issue that would otherwise have never been presented in the case. *See* Ex. 2 (*Galvan v. Switski*, No. 23 C 3158, Tr. of Proc. 02/08/24 [hereinafter "*Galvan* Ruling"]) at 5 ("My guess is . . . that most of this stuff is going to work out in the wash. I suspect there's probably not going to be a large volume of mental health records anyway. If there are, it's likely that they're going to be things that will be pretty easily determined to be related enough that even under a narrower version of the implicit waiver, that they'd be produceable and I won't end up having to deal with any

3

disputes.").

Third, in the unlikely event that privilege is asserted and there is a dispute between the parties about that privilege assertion, the Court could resolve the dispute with a concrete set of documents in mind, instead of in the abstract. *Id*. at 4 ("So look it's really hard to do this stuff in a vacuum.").

Fourth, and relatedly, this is an important privilege in situations where it does apply, and there may be situations unanticipated by the parties and the Court where it would offer protection to sensitive information that has nothing to do with the litigation, but a ruling in advance that there is no such privilege given the claims asserted in the complaint prevents careful consideration of the issue. Examples include mental health records relating to instances of abuse unrelated to the claims, mental health information about family members (particularly where the family are not witnesses), or other sensitive mental health records that have been deemed by courts to be irrelevant or privileged. For example, in recent litigation, Judge Kennelly permitted the same privilege review requested here in another wrongful conviction case for precisely this reason:

> I can imagine a scenario in which somebody's mental health records included something when they were a little kid where they had been . . . in some sort, of . . . school-associated mental health treatment that might not have any bearing on, and conceivably might not be waived by, a claim for emotional distress and related damages and something that happens
> . . . a good number of years later.

*See id*. at 4. "[T]he fact that there's a possibility of something" that might be privileged even under "the broadest view of . . .[the] implicit waiver principle . . . counsels in favor of" keeping a 7-day privilege review. *Id*. at 4-5.[2]

---

[2] Temporal limitations are routinely imposed on discovery into mental health records. *See Carter v. Nat'l Int'l Roofing Corp.,* 00 C 50314, 2003 WL 21664832 (N.D. Ill. July 15, 2003) (plaintiff's emotional distress claims justified discovery into mental health records going back only five years rather than "records dating back to Plaintiffs childhood, if they exist"); *Moore v. Chase, Inc.*, 2015 WL 4393031 (E.D. Cal. 2015) (ordering that "[p]laintiff will review and prepare a privilege log

4

For all of these reasons, it makes sense to enter a HIPAA-qualified protective order that requires the parties to follow a procedure where Plaintiffs review potentially privileged documents first, and then produce those documents or a privilege log within seven days. This approach has been adopted in other cases and is a reasonable solution to protect Plaintiffs' privilege and privacy interests, and to allow Defendants to review discoverable information. *See e.g.*, *Caine v. Burge*, 2012 WL 6720597, at *2-*3 (N.D. Ill. 2012).

Nothing in the Defendants' brief warrants a finding to the contrary. The Defendants do not cite a single case where this procedure has been problematic—nor even where they have not been able to secure relevant discovery. Instead, hyperbolically, the Defendants argue that if the Plaintiffs are permitted to review mental health and medical records prior to their disclosure for privilege, this Court will "essentially [be] permitting them to choose which records to disclose and which records to insulate from discovery." Dkt. 59 at 7. The Defendants offer no support for this claim because there is none: In undersigned counsels' experience, records get routinely disclosed,

---

identifying specific portions or categories of documents within…medical records that [p]laintiff claims are privileged"); *Garrett v. Sprint PCS*, No. 00 C 2583, 2002 WL 181364, at *2-*3 (D. Kan. Jan. 31, 2002) (limiting discovery of medical records to three years prior to the date of incident because, even in an employment discrimination in which the scope of discovery is "particularly broad," courts "commonly extend the scope of discovery to a reasonable number of years"); *LaBruyere v. TBF, Inc.*, No. 3:08-cv-551, 2009 WL 2179667, at* 1 (S.D. Ill. July 22, 2009) (imposing temporal and topical restrictions on discovery of medical records in a physical injury case and rejecting defendants' argument that the plaintiff put his entire medical history at issue by filing the lawsuit); *Nuskey v. Lambright,* 251 F.R.D. 3 (D.D.C. 2008) (limiting discovery into the plaintiff's medical records to records "from the past five years" that relate to the plaintiff's "claims for compensable physical or emotional damages allegedly cause[d]" by the defendants' conduct); *Little v. Marciano*, No. 10 C 2490, 2011 WL 4634190, at *1 (E.D. Cal. Oct. 4, 2011) (recognizing that the plaintiff waived his privacy rights by filing suit only with respect to medical records pertaining to his alleged condition of blindness and the injuries he sustained as a result of defendants' conduct); *Motoyama v. Hawaii*, No. 10 C 00464,2012 WL 93150, at *1 (D. Haw. Jan. 10, 2012) (limiting discovery of the plaintiff's medical records to five years prior to the date she began her employment with defendants as a "reasonable compromise between Plaintiff's privacy rights and Defendants' rights to obtain information related to Plaintiffs' potential pre-existing conditions").

but even if there is a document that Plaintiffs claim privilege over, the Defendants will have a privilege log that identifies what is being withheld and why, and can raise that specific (concrete) issue with the Court.

Alternatively, the Defendants argue that Plaintiffs' proposal is unworkable because Plaintiffs have not yet raised the psychotherapist-patient privilege (or any other) over a particular set of documents and so their concerns are too "general and hypothetical in nature." Dkt. 59 at 9. That argument, however, supports Plaintiffs' proposed HIPAA order—not the Defendants. These disputes are best adjudicated over a particular document or set of documents—as Plaintiffs' proposal would allow—rather than the blanket waiver over any document as the Defendants are seeking. Ex. 2 (*Galvan* Ruling) at 4.

## II. Plaintiffs Have Not Categorically Waived the Privilege

The procedure embodied in Plaintiffs' proposed HIPAA-protective order avoids the need to decide the merits of any privilege issue at this stage, and perhaps for the duration of the case. However, on the merits, there are good reasons to hold that Plaintiffs' act of filing a lawsuit does not waive his psychotherapist-patient privilege. The Supreme Court has recognized that mental health records and information are privileged. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The Court did not explain how such a privilege might be waived or under what circumstances. The Seventh Circuit has commented only that such a privilege *can* be waived, but it did not articulate *how* such a waiver might occur. *Oberweis Dairy*, 456 F.3d at 718.

Courts have recognized competing interests in assessing waiver of the psychotherapist-patient privilege. On one hand, if the waiver is too narrow then defendants may be disadvantaged in defending themselves. On the other, if the waiver is interpreted too broadly, the privilege would be eviscerated anytime a plaintiff brings a lawsuit involving any form of emotional distress—a notion that would undermine the purpose of the privilege itself by incentivizing people who suffer from

6

mental health ailments to avoid treatment due to litigation. *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 513 (N.D. Ill. 2018).

Three approaches have developed: (1) the narrow approach, "find[ing] the privilege waived only when a patient places the substance of psychotherapeutic advice, or communications with a psychotherapist, directly at issue." *Caine v. Burge*, No. 11 C 8996, 2012 WL 6720597, at *2 (N.D. Ill. 2012); (2) the broad approach, "find[ing] the privilege waived at any point that the plaintiff makes any claim for emotional distress." *Id.* (internal citations omitted); (3) and the middle-ground approach "under which evidence of garden-variety emotional damages is limited to the negative emotions that plaintiff experienced as the intrinsic result of defendant's alleged conduct," excluding symptoms or conditions he might have suffered as a result. *Flowers v. Owens*, 274 F.R.D. 218, 220 (N.D. Ill. 2011) (internal quotations omitted) (citing *Santelli v. Electro-Motive*, 188 F.R.D. 306 (N.D. Ill. 1999) (Kennelly, J.)).

The law in this District has now coalesced around the "middle ground" approach, the analytical roots of which derive from *Hucko v. Oak Forest*, 185 F.R.D. 526 (N.D. Ill. 1999) (Schenkier, J.), and *Santelli*. This approach holds that "where the plaintiff seeks 'garden variety' emotional damages—which is to say, damages limited to the typical negative emotional impact on the plaintiff that flow obviously from the defendant's alleged misconduct—the privilege remains in-tact and is not waived." *Caine*, 2012 WL 6720597, at *2 (citing, among other authorities, *Flowers v. Owens*, 274 F.R.D. 218, 225 (N.D. Ill. 2011) (Cole, J.) ("Since *Jaffee*, most courts have held that claims of 'garden variety' emotional damage do not result in a waiver of the psychotherapist/patient privilege."), *EEOC v. Area Erectors, Inc.*, 247 F.R.D. 549, 552 (N.D. Ill. 2007) (Mahoney, J.), *Taylor v. ABT Electronics Inc. v. ABT Electronics, Inc.*, No. 05 C 576, 2007 WL 1455842, at * 2 (N.D. Ill. May 14, 2007) (Anderson, J.), and *Santelli*, 184 F.R.D. at 309); *see also EEOC v. DHL Express*, No. 10 C 6139, 2011 WL 6825497, at *6 (N.D. Ill. Dec. 27, 2011)

(St. Eve., J.) (explaining that the "overwhelming weight of authority in this District holds that an individual's medical records are not discoverable unless that individual has placed her psychological state in issue by claiming more than mere 'garden variety' psychological injuries" (and collecting cases)).[3]

Here, Plaintiffs have not waived the privilege. Plaintiffs have not placed the substance of therapeutic advice or communications with a psychotherapist or other mental health professional directly at issue. *See Caine*, 2012 WL 6720597 at *3 (finding plaintiff did not waive under the middle-ground approach even when pleading psychological treatment, severe emotional distress and anguish, and answering interrogatories listing emotional damages as "immense," and "experiencing feelings of paranoia, anxiety, and sleeplessness…"). Plaintiffs are the master of their complaints, and they can choose to pursue or not particular categories of damages. Until Plaintiffs put specific mental health damages at issue, Defendants should not enjoy wide-ranging discovery into otherwise privileged materials. And they should certainly not be able to obtain a ruling before any potentially privileged records are identified holding that there is no privilege to assert in the first place.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion, and instead enter Plaintiffs' Proposed HIPAA order that permits Plaintiffs' counsel to conduct a privilege review

---

[3] Additional cases include: *Walti v. Toys R Us*, No. 10 CV 2116, 2011 WL 4715198, at *2 & n. 3 (N.D. Ill. Aug.31, 2011) (collecting cases, and holding that injuries were more than mere 'garden variety,' where plaintiff seeks damages for post-traumatic stress disorder); *Flowers*, 274 F.R.D. at 220, *Noe v. R.R. Donnelley & Sons*, No. 10 C 2018, 2011 WL 1376968, at *1 (N.D. Ill. Apr. 12, 2011) (citing *Santos v. The Boeing Co.*, 2003 WL 23162439, at *1 (N.D. Ill. Oct.21, 2003)); *Kronberg v. Baker & McKenzie LLP*, 747 F.Supp.2d 983, 994 (N.D. Ill. 2010); *Doe v. Oberweis Dairy*, No. 03 C 4774, 2004 WL 1146712, at *2–3 (N.D.Ill. May 21, 2004), *Santelli v. Electro–Motive*, 188 F.R.D. 306, 309 (N.D.Ill. 1999), and *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 531–32 (N.D. Ill. 1999)).

within seven days before his mental health records are disclosed.

Respectfully Submitted,

**SEAN TYLER**

/s/ Gayle Horn
*One of Plaintiff's Attorneys*

Gayle Horn
Heather Lewis Donnell
Elliot Slosar
Loevy & Loevy
311 North Aberdeen
3rd Floor
Chicago, Illinois 60607
(312) 243-5900


**REGINALD HENDERSON**

/s/ Gabriella Orozco
*One of Plaintiff's Attorneys*

Jennifer Bonjean
Ashley Cohen
Gabriella Orozco
Bonjean Law Group
750 Lexington Ave. 9th Floor
New York, NY 10022
(718) 875-1850


**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that on July 3, 2024 she served the foregoing response to all parties of record via CM/ECF.

/s/ Gayle Horn
*One of Plaintiff's attorneys*

9