# EXHIBIT 2

1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3

 4    JOHN GALVAN,                      )   Docket No. 23 C 3158
                                        )
 5                         Plaintiff,   )
                                        )
 6              vs.                     )
                                        )
 7    VICTOR SWITSKI, et al.,           )   Chicago, Illinois
                                        )   February 8, 2024
 8                         Defendants.  )   9:18 o'clock a.m.

 9
                          TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE MATTHEW F. KENNELLY

11

12   APPEARANCES:

13   For the Plaintiff:     LOEVY & LOEVY
                            BY:  MS. LAUREN CARBAJAL
14                               ROSHNA BALA KEEN
                            311 N Aberdeen Street, 3rd Floor
15                          Chicago, IL 60607
                            (312) 243-5900
16

17   For Defendant
     City of Chicago:       REITER BURNS LLP
18                          BY:  MS. ELIZABETH A. EKL
                            311 S. Wacker Drive, Suite 5200
19                          Chicago, IL 60606
                            (312) 982-0090
20

21

22

23
     Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
24                          Official Court Reporter
                            219 S. Dearborn Street, Suite 2102
25                          Chicago, Illinois  60604
                            (312) 435-5639
```

```
 1   APPEARANCES CONTINUED:

 2
     For Defendants
 3   Retired City Employees:        HALE & MONICO, LLC
                                     BY:  MR. SHAWN WILLIAM BARNETT
 4                                   53 West Jackson, Suite 337
                                     Chicago, IL 60604
 5                                   (312) 870-6905

 6   For Defendant
     Joel Leighton:                  O'CONNOR & BATTLE P.C.
 7                                   BY:  MS. MICHELE J. BRAUN
                                     111 West Jackson Blvd, Suite 1700
 8                                   Chicago, IL 60604
                                     (312) 786-4606
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      (The following proceedings were had telephonically:)

2              THE CLERK:  Case 23 C 3158, Galvan v. Switski.

3              THE COURT:  Can plaintiff's counsel please give your

4      name for the record.

5              MS. CARBAJAL:  Good morning, Judge.  Lauren Carbajal

6      and Roshna Bala Keen for plaintiff.

7              THE COURT:  Thanks.  And let's see.  Start off with

8      counsel for the City, let's say.

9              MS. EKL:  Good morning, your Honor.  Elizabeth Ekl on

10     behalf of the City of Chicago.

11             THE COURT:  Counsel for the defendants other than I

12     think Leighton is the one who is separately represented.

13             MR. BARNETT:  Yes, your Honor.  Thank you.  Shawn

14     Barnett for we can call them retired City employees.

15             THE COURT:  Got it.

16             And counsel for Mr. Leighton.

17             MS. BRAUN:  Michele Braun on behalf of Joel Leighton.

18             THE COURT:  All right.  Is there anybody else who

19     hasn't given your name yet on the Galvan case and the related

20     cases?

21             Okay.  So the dispute, I think, if I'm getting it

22     right, has to do with whether -- if I kind of simplify it,

23     this dispute has to do with whether the plaintiff should get

24     to look at the mental health records and assert a privilege on

25     them before they get turned over or whether I should decide

1   right now that the privilege has been waived as to all such

2   records.

3           Is that a reasonable summary of the dispute?

4           And whoever is clicking or clacking, can you please

5   mute your phone?  Thanks.

6           Is that a reasonable summary?

7           MS. CARBAJAL:  Yes, your Honor, I think so.

8           MR. BARNETT:  Shawn Barnett.  Yes, your Honor, that

9   is.

10          THE COURT:  Okay.  Thanks, Mr. Barnett, for saying

11  your name.

12          Okay.  So, look, it's really hard to do this stuff in

13  a vacuum.  I mean, I can imagine a scenario in which

14  somebody's mental health records included something when they

15  were a little kid where they had been -- you know, had been in

16  some sort of, you know, school-associated mental health

17  treatment that might not have any bearing on, and conceivably

18  might not be waived by, a claim for emotional distress and

19  related damages and something that happens from -- from

20  something that happens a good number of years later.

21          I'm not saying that's the only type of situation

22  where there might be a viable claim that there wasn't a

23  privilege waiver, but the fact that there's a possibility of

24  something that might not survive even if I take, I guess, the

25  broadest view of the what I'll call implicit waiver principle,

1   I think counsel's in favor of keeping the protective order the

2   way it is.

3         My guess is is that most of this stuff is going to

4   work out in the wash.  I suspect there's probably not going to

5   be a large volume of mental health records anyway.  If there

6   are, it's likely that they're going to be things that will be

7   pretty easily determined to be related enough that even under

8   a narrower version of the implicit waiver, that they'd be

9   produceable and I won't end up having to deal with any

10  disputes.

11        So to the extent that the response by the defendants

12  is basically a motion to strike whatever the particular

13  paragraph of the particular protective order is, it's denied,

14  and I'm just going to kind of wait and see whether I have to

15  decide anything or not.

16        So there you go.

17        Do we have another status date coming up?  We do,

18  right?  I don't need to make you call in for that.  It's

19  probably not going to -- I'm just looking back at the schedule

20  here.

21        Yeah, it's in a couple of weeks.

22        So why don't you just tell me what's going on right

23  now, and I can vacate that date.  Where are things in terms

24  of -- I mean, I'm assuming there have been no depositions.

25  Where are you in terms of issuing written discovery and

1  responding to it?

2        Just say you are so the court reporter can take it

3  down.

4        MR. BARNETT:  Shawn Barnett, your Honor.  The parties

5  have exchanged written discovery.  From my clients, we have

6  responded to nearly all of them.  The estate's is a little

7  trickier.  But we were going to start talking about scheduling

8  depositions for some time in March.

9        THE COURT:  Okay.  Anybody else want to weigh in on

10  that?

11        MS. CARBAJAL:  Yeah, this is Lauren Carbajal for

12  plaintiffs.  We -- and we've scheduled one deposition so far,

13  but we've exchanged discovery from the plaintiff's end as

14  well.

15        THE COURT:  All right.  Anybody else want to say

16  anything on the discovery status?

17        Okay.  So there's a status hearing which I think is

18  set for the 23rd of February.  That's vacated.  And I'm going

19  to reset it in a couple of months.  And that -- by the way,

20  Melissa, we need to do this in all three of the cases,

21  including the ones that are assigned to Judge Ellis and Judge

22  Jenkins.  That's 3162 and 3165.

23        And, let's see, April.  Is there anybody who can't do

24  a phone call on, let's say, April the 29th at 8:50 in the

25  morning?

1        I'm going to assume that's okay.  8:50 on April
2    the 29th, all three cases; a joint status report a week before
3    that; and any earlier joint status report dates are vacated,
4    so you don't need to file one in February.
5        Thanks a lot.
6        MS. CARBAJAL:  Oh, Judge, if I may ask one question
7    before we get off?
8        THE COURT:  Yes.
9        MS. CARBAJAL:  This is Lauren again; Lauren Carbajal
10   again.  Hi.  Just for everyone's knowledge, should we be
11   filing any motions that we have in all three cases or is it
12   sufficient just to file in this one?
13       THE COURT:  File it just in this one.  The reason I
14   entered the protective order in all three cases is it's an
15   order and I figured at some point, the cases may end up going
16   in separate tracks, and it's important just to -- it was
17   important to have that in all three cases.
18       I think you can just file the motions in one.  I
19   would put all three captions on it, but you don't need to
20   multiple file them.  If you do, what will end up happening is
21   I'll start getting confused calls from other people saying,
22   what am I supposed to do with this?  I thought you were
23   handling this case.
24       MS. CARBAJAL:  Great.  Thank you so much.
25       THE COURT:  All right.  Take care, everybody.  Bye.

1    (Which were all the proceedings had in the above-entitled

2    cause on the day and date aforesaid.)

3        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.

4
     /s/ *Carolyn R. Cox, CSR, RPR, F/CRR*_____ February 20, 2024
5    Official Court Reporter
     United States District Court
6    Northern District of Illinois
     Eastern Division
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

John Galvan

                              Plaintiff,

v.                                              Case No.: 1:23−cv−03158
                                                Honorable Matthew F. Kennelly

Victor Switski, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 8, 2024:

      MINUTE entry before the Honorable Matthew F. Kennelly: Telephonic motion hearing held on 2/8/2024. The defendants' request to strike section E(2) of the protective order [112] is denied as to the reasons stated on the record. The telephonic status hearing set for 2/23/2024 is vacated and reset to 4/29/2024 at 8:50 a.m. The parties are directed to file a joint status report providing an update on the case by 4/22/2024. Any earlier joint status report deadlines are vacated. The following call−in number will be used for the hearing: 888−684−8852, access code 746−1053. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (mma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.