# **EXHIBIT 7**

Case: 1:20-cv-04085 Document #: 47 Filed: 03/31/21 Page 1 of 2 PageID #:610

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Michael Liggins
                           Plaintiff,
v.                                                        Case No.: 1:20−cv−04085
                                                         Honorable Mary M. Rowland
City of Chicago, et al.
                           Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, March 31, 2021:

      MINUTE entry before the Honorable Mary M. Rowland: Liggins claims constitutional violations arising from his alleged wrongful arrest, detention and prosecution. He also alleges defendants' conduct resulted in the intentional infliction of emotional distress under Illinois law causing him to suffer "mental anguish, humiliation, degradation, physical and emotional pain and suffering" (Dkt. 1 at par. 154). Given the allegations made and the damages sought, it is undisputed that Liggins' mental health is at issue. Defendants intend to subpoena the Illinois DOC, the Cook County DOC and Cermak Hospital for Liggins' treatment records while he was incarcerated. Plaintiff argues the documents should be returned to him to allow him to potentially assert the psychotherapist−patient privilege. (Dkt. 41). Jaffee v. Redmond, 518 U.S. 1, 11 (1996) ("The psychotherapist privilege facilitate[es] appropriate treatment for individuals suffering the effects of a mental or emotional problem.") Defendants assert Liggins waived that privilege when he alleged severe emotional distress damages. This broad approach to waiver is rooted in three sentences contained in Doe. v. Oberweis Dairy, 456 F.3d 704, 718 (7th Cir.2006) where the central issue was the reversal of a grant of summary judgment. See Laudicina v. City of Crystal Lake, 328 F.R.D. 510, 513 (N.D. Ill. 2018)("a patient waives psychotherapist−patient privilege by merely seeking damages for emotional distress.)(citations omitted); Jakes v. Boudreau, No. 19 C 2204, 2020 WL 5297007, at *3 (N.D. Ill. Sept. 4, 2020) (a claim for intentional infliction of emotional distress which requires Plaintiff to prove that Defendants' conduct caused him severe emotional distress means plaintiff has waived the psychotherapist−patient privilege); and Coleman v. City of Chicago, No. 1:17−CV−08696, 2019 WL 7049918, at *1 (N.D. Ill. Dec. 23, 2019) (finding Plaintiff, who intended to rely on a psychologist, waived the privilege whether applying a broad, "middle ground" or narrow understanding of waiver). The Court disagrees, based on the language in Oberweis, that a Plaintiff forfeits his ability to review subpoenaed treatment recordshis treatment records−−with his counsel, by filing claims in a Complaint. Other courts have applied a "middle ground" approach holding that if a plaintiff seeks 'garden variety' emotional damages, the privilege remains intact and is not waived. See, e.g., E.E.O.C. v. Area Erectors, Inc., 247 F.R.D. 549, 552 (N.D.Ill.2007); Taylor v. ABT Electronics, Inc., No. 05 C 576, 2007 WL 1455842, *2 (N.D.Ill. May 14,2007); Santelli v. ElectroMotive, 188 F.R.D. 306, 309 (N.D.Ill.1999). The most narrow view of the waiver is limited to instances where the Plaintiff indicates he intends to

introduce evidence of psychological treatment. Noe v. R.R. Donnelley & Sons, No. 10 C 2018, 2011 WL 1376968, *1 (N.D.Ill. April 12, 2011) (collecting cases) (privilege is not waived if a plaintiff does not intend to offer evidence of consultations with a psychotherapist at trial). Plaintiff responds that the issue of privilege is not ripe since he has not asserted any privilege. The Court agrees it need not reach this issue of waiver yet. However, once the treatment records are produced, plaintiff will have 10 days to review them and turn them over to defendants. Any assertion of privilege could very well result in forfeiting damages. Caine v. Burge, No. 11 C 8996, 2012 WL 6720597, at *4 (N.D. Ill. Dec. 27, 2012) ("[S]hould Caine assert the privilege on any of the mental health records, the Court directs Caine's counsel to heed the well−worded cautions set forth by the Flowers court about the introduction of emotional damages testimony. This Court will not permit Caine to introduce testimony about the specifics of emotional damages, or argue in any way that they [are] uncommon, or severe, and also continue to maintain the psychotherapist−patient privilege [on] any mental health records.") Flowers v. Owens, 274 F.R.D. 218, 228 (N.D. Ill. 2011) ("This is not to say that Mr. Flowers will be precluded from proving at trial with "competent evidence," all that he testified about at his deposition. It is, however, to say that he will not be allowed to do so and still insist on maintaining his psychotherapist/patient privilege. Of course, bare testimony of humiliation or disgust may prevent him from fully recovering for his alleged emotional distress. He may be better off disclosing his psychological records, which would allow him to make a broader damage claim. But that is a choice exclusively for Mr. Flowers and his counsel to make.") (citations omitted)(cleaned up). Plaintiff's motion to modify subpoenas [41] is granted. Mailed notice. (dm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.