IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN TYLER, | ) |
| | ) Case No. 23-CV-04803 |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, et al. | ) |
| | ) Honorable Judge Thomas M. Durkin |
| *Defendants*. | ) |
| | ) |

| | |
|---|---|
| REGINALD HENDERSON, | ) |
| | ) Case No. 23-CV-04802 |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNETH BOUDREAU, et al. | ) |
| | ) Honorable Judge Thomas M. Durkin |
| *Defendants*. | ) |
| | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR A CONFIDENTIALITY ORDER**

Plaintiffs, SEAN TYLER and REGINALD HENDERSON, by and through their attorneys, respectfully submit the following response in opposition to Defendants' Motion for Entry of a Protective Order [Dkt. 58], as follows:

**INTRODUCTION**

Plaintiffs propose using the model protective order that the Northern District of Illinois drafted and adopted. The Defendants have identified no reason to deviate from that order other than their self-serving claims that certain information deserves additional protection. None of their arguments have merit.

Taking a step back, while the Defendants argue that there is only one issue in dispute, there

are actually two. First, the Defendants have included Complaint Register ("C.R.") files in their definition of "Confidential Information." The Model Order does not include such language, nor is such language appropriate. If properly redacted, C.R. Files are not confidential. Indeed, the public can request copies of C.R. files under the Illinois Freedom of Information Act ("IFOIA").

Second, the Defendants have inserted an additional paragraph into their proposed protective order, allowing them to redact personal identifying information ("PII") from documents produced to Plaintiffs to protect witnesses' privacy. Redaction, however, is not necessary for such protection: The PII will remain confidential under the terms of the protective order. That this is sufficient is proven by the Defendants' proposed solution to their unilateral possession of PII: Defendants propose that Plaintiffs will ask them for the PII of witnesses they need to locate, and the "Defendants would work with them to identify the contact information they need." Dkt. 58 at 6.

Not only is this solution a tacit admission that PII needs no more protection than the model order already provides, but also it is an attempt to discover the Plaintiffs' work product; that is, to find out who Plaintiffs are looking for and track them down too (and perhaps do so first). For those reasons, and the ones described below, the Defendants' motion should be denied and this Court should enter the model protective order.

I.  **C.R. Files Should Not Be Included in the Definition of "Confidential Information"**

To start, C.R. files should not be included in the definition of "Confidential Information."[1] Instead, as Plaintiffs have proposed, the parties should use the model order.[2]

---

[1] Similarly, the Defendants included in their definition information excluded from disclosure under the IFOIA. This too has no place in the definition of confidential information as it is federal law—not state law—that governs whether information is confidential. *See Viramontes v. City of Chicago*, No. 13 C 6251, 2014 WL 12775316, at *1 (N.D. Ill. June 2, 2014) ("Illinois law, although usable as a guide to the nature of the public's interest, is not applicable to discovery in this court.").

[2] The Defendants failed to address this issue *in toto* claiming that the parties had reached agreement on it.

For more than a decade, parties to federal and state actions in Chicago litigated whether the City could hide C.R. files from public view. *See Calhoun v. City of Chicago*, 273 F.R.D. 421, 423 (N.D. Ill. 2011) (collecting cases). While the City fought to keep C.R. files secret, litigants and members of the public advocated for public release, arguing that citizen complaints against police officers, and the City's response thereto, were a matter of public concern. In 2014, the Illinois Appellate Court sided with the public, holding that C.R. files are subject to public disclosure under IFOIA. *Kalven v. City of Chicago*, 2014 IL App. (1st) 121846. C.R. files are thus public documents, subject to certain statutory redactions.

This Court's model protective order specifically excludes publicly available documents from the list of protected categories: "Information or documents that are available to the public may not be designated as Confidential Information." Thus, the Model Order establishes that a party cannot demonstrate good cause for confidentiality under Rule 26 with respect to publicly available information like C.R. files. Accordingly, since *Kalven* was decided in 2014, the weight of authority in this District holds that the City cannot designate entire CR files as "Confidential Information" under federal protective orders. *Williams v. City of Chicago*, No. 22 C 1084, 2022 WL 10105656, at *12 (N.D. Ill. Oct. 17, 2022) ("The model protective order does not allow entire CR files to be redacted or withheld, and the Court has refused to take that step, in a nod to Kalven.").[3] Indeed, this Court expressly stated that "C.R. files are not in and of themselves

---

That is not the case. Plaintiffs told the Defendants during a phone conference and by email that they were proposing the Model Protective Order, which does not include C.R. files in the definition of confidential information. *See* Ex. 1 (Email from Horn to Gamble dated 5/20/24).

[3] *Walker v. Burge, et al.*, No. 21 C 4231, Dkts. 187, 188 (N.D. Ill. Feb. 2, 2023); *Fletcher v. Bogucki, et al.*, No. 20 C 4768, Dkt. 55 (N.D. Ill. Sep. 27, 2021); *Prince v. Kato*, 2019 WL 3554533, at *3 (N.D. Ill. July 30, 2019); *Sierra v. Guevara, et al.*, No. 18 C 3029, Dkt. 118 (N.D. Ill. June 7, 2019); *Batchelor v. City of Chicago*, No. 18 C 8513, Dkt. 58 (N.D. Ill. June 10, 2019); *Jackson v. City of Chicago*, No. 14 C 6746, 2017 WL 5478303, at *2 (N.D. Ill. Nov. 14, 2017); *Jacobs v. City of Chicago*, No. 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015); *Sokol v. City of Chicago*, No. 13 CV 5653, 2014 WL 5473050, at *3 (N.D. Ill. Oct. 29, 2014); *Kuri v. City of Chicago*, No. 13 C 1653 (N.D. Ill. June 6, 2014), Dkt. 77 at 3;

confidential." Ex. 2 (*Fountain v. City of Chicago*, Nos. 19-cv-6080, 6081 dated 7/2/20 [hereinafter "*Fountain* Ruling") at 13. Moreover, following the *Kalven* decision, the City has proposed protective orders allowing for public release of CR files. *In re: Watts Coord. Pretrial Proceedings*, Master Docket Case No. 19 C 1717 (N.D. Ill.), Dkt. 57.[4]

While Plaintiffs recognize that there is sensitive information included within C.R. files, and that redaction can be time consuming, at this juncture, Plaintiffs are only seeking unredacted and redacted copies of the Defendants' C.R. files. Production of those is not unduly burdensome. As this Court held in *Fountain*, the City "can certainly provide an unredacted CR file to the plaintiffs, which would be considered confidential . . . under the protective order, and can turn over a redacted C.R. file to the plaintiffs, which is something they could get anyway." Ex. 2 (*Fountain* Ruling) at 15. In addition, many of the Defendants in this case have been previously sued and their C.R. files already produced.

**II.     Defendants' Seemingly Minor Amendments Are Unnecessary and Overbroad**

In addition to adding C.R. files to the definition of "Confidential Information" in paragraph two, the Defendants propose protecting "(h) employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses . . . ." This modification is vague, ambiguous and frankly, means nothing in this context. The language "information that is of a sensitive or non-public nature" would allow the City to designate virtually everything as confidential since there is no useful definition of "sensitive" and even the question of what constitutes "non-public" is contested. This language affords Defendants virtually unlimited discretion to make subjective determinations about

---

*Viramontes v. City of Chicago*, No. 13 C 6251, 2014 WL 12775316, at *2 (N.D. Ill. June 2, 2014); *Jackson v. City of Chicago*, No. 22 C 4337 (N.D. Ill. May 10, 2023), Dkt. 27.
[4] *Anderson v. City of Chicago*, No. 16 C 1963, Dkt. 77 (N.D. Ill.); *Hood v. City of Chicago*, No. 16 C 1970, Dkt. 56 (N.D. Ill.); *Brent-Bell v. City of Chicago*, No. 17 C 1099, Dkt. 45 (N.D. Ill.).

confidentiality—directly contrary to the careful, specific, and objective definition of Confidential Information provided in the Model Order. Defendants lack good cause for such a proposal.[5]

Similarly, the Defendants have swapped out "use" for "admissibility" in Defendants' paragraph 12, which originally states, "nothing in this Order shall be construed to affect the **use** of any document, material, or information at trial or hearing." This change completely changes the meaning of the paragraph and is, frankly, pointless. Defendants' have no authority to make admissibility determinations, now or at trial.

## III. The Defendants are Not Entitled to Unilateral Possession of Witnesses' PII

Additionally, the Defendants have inserted a new paragraph into their proposed protective order that permits them to redact all PII. That paragraph should be stricken.

### A. There is No Legal Basis to Allow Defendants to Redact Witnesses' PII

While the Defendants cite a number of cases arguing for their ability to redact all witness PII, the Defendants fail to address this Court's own precedent, in which it rejected the same. To that end (and as Plaintiffs raised with the Defendants), in *Fountain*, this Court explained:

> The question about redacting social security numbers and dates of birth of witnesses, I don't understand the equities of allowing you to have that – you, the City – to have that information for people that may be critical witnesses to the events that are set forth in the CRs and yet the plaintiffs aren't allowed to have that. It certainly is confidential information. It should remain confidential. But simply to redact it, rather than designate it as confidential, deprives plaintiff of the ability to – either deprives them of the ability or makes it much more difficult for them to track down people who they may need to talk to . . . determine the veracity of some of the complaints of the allegations of the CR file.

Ex. 2 (*Fountain* Ruling) at 16; *see also* at 22 ("And if you have the opportunity to locate [witnesses], which I think can be aided by a social security number and by a date of birth, I don't

---

[5] In *Munoz v. Guevara*, No. 23-cv-03210, the court agreed that this phrase presents problems and permitted the parties to seek leave to designate a document not covered by the confidentiality order, as confidential. [Dkt.116] (entered May 7, 2024).

understand why plaintiffs can't have it . . . it'll be covered under the protective order and they can only use it for purposes related to this case."). For that reason, this Court rejected the Defendants' proposed protective order, and permitted redaction only of PII of police officers, but not the PII of any other witnesses. *Id*. at 16, 22, 26-28. The same result should obtain here. *See id*.

To be sure, the Defendants cite cases that have ruled in the opposite direction. But these citations are not instructive. Multiple cases where Defendants' proposed language was entered lack explanation providing insight into why the court believed the facts of those specific cases warranted this protection. *See R. Rodriguez v. Guevara,* No. 18-cv-7951 (N.D. Ill.), Dkt. 155 (no explanation); *Negron v. Guevara,* No. 18-cv-2701 (N.D. Ill.), Dkt. 104 (same); *Gomez v. Guevara,* No. 18-cv-3029 (N.D. Ill.), Dkt. 74 (same); *Flores v. Guevara*, No. 23-cv-1736 (N.D. Ill.), Dkt 51 (noting that there was a hearing but no insight into the court's reasoning is on the docket); *Gonzalez v. Guevara*, No. 22-cv-6496 (N.D. Ill.), Dkt. 140 at 7 (adopting defendants' proposed language without finding good cause but noting that defendants agreed to confer about redacted information). Other cases analyzed Defendants' proposed language for good cause only as it related to information in C.R. files, not the sweeping ability Defendants ask for here. *See Iglesia v. Guevara*, No. 19-cv-6508 (N.D. Ill.), Dkt. 102 at 6 ("Finally, [d]efendants' proposed redaction of identifiers and other personal information found in the CR files is reasonable."); *Bouto v. Guevara*, No. 19-cv-2441 (N.D. Ill.), Dkts. 106 (entering a protective order with no discussion about language regarding the redaction of personal identifying information but focusing its analysis of the protective order on whether the CR files should contain redactions); *Sierra v. Guevara*, 18-cv-3029 (N.D. Ill.), Dkt. 118 (same); *Bailey v. City of Chicago*, 19-cv-0197 (N.D. Ill.), Dkt. 58 ("Copies of CR files, with redactions limited as set forth in paragraph

5,[6] will be produced to the plaintiffs in discovery. . . ."). Indeed, none of these cases provides a basis to deviate from the well-reasoned ruling this Court issued in the *Fountain* case.

### B. The Defendants Proposed Solution Seeks Disclosure of Plaintiffs' Work Product

Recognizing the inequity of the Defendants having access to witnesses' PII—and the Plaintiffs not—the Defendants have proposed an alleged solution. According to the Defendants, they will work to provide a witness' PII to Plaintiffs upon request. This purported solution undermines entirely the Defendants' argument that PII needs to be redacted and is also unworkable.

To start, if the Defendants are willing to provide Plaintiffs with PII on an as-needed basis, then there is no reason to redact it in the first instance. Pursuant to the terms of the protective order, Plaintiffs will keep this information confidential and will only use it for the purposes of this case.

Additionally, the Defendants' solution requires Plaintiffs to disclose their work product to the Defendants; that is, which witnesses they are seeking to locate and interview. *See Walker v. White*, No. 16 CV 7024, 2019 WL 1953124, at *2 (N.D. Ill. May 2, 2019) (rejecting defendants' motion to compel lawyer to answer questions and produce documents relating to (among other things) the "identity of witnesses; who was present for the interviews of witnesses; the number of times witnesses were interviewed . . ."); *S. Illinois Laborers' & Employers Heath & Welfard Fund v. Pfizer Inc.*, No. 06 C 1818, 2007 WL 4557100, at *2 (N.D. Ill. Dec. 21, 2007) (explaining and affirming another case that found that "compelling an answer to the interrogatory created 'a reasonable possibility' that the identify of persons the plaintiffs' counsel selected to interview 'could be ferreted out,' and 'would necessarily reveal counsel's opinions

---

[6] In *Bailey*, "paragraph 5" contained the same language proposed here in Paragraph 6. No. 19-cv-0197, Dkt. 59 at ¶ 5.

regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with [p]laintiff's counsel's legal theories and conclusions as outlined in the complaint"); *see also Steele v. CVS Pharmacy, Inc.*, No. 15-CV-4261, 2016 WL 1659317, at *1 (S.D.N.Y. Apr. 18, 2016) (explaining that "the identities of people interviewed as part of counsel's investigation into the facts of the case have the potential to reveal counsel's opinions, thought processes, or strategies, and are therefore protected") (citation omitted); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2015 WL 13631248, at *5 (N.D. Cal. Oct. 5, 2015) (stating the identity of individuals selected to interview is work product); *EEOC v. Collegeville/Imagineering Ent.*, No. CV-05-3033, 2007 WL 1089712, at *1 (D. Ariz. Apr. 10, 2007) ("[W]here a party . . . seeks to learn who has been contacted by opposing counsel, work product concerns arise. Such discovery requests seek to track the steps of opposing counsel and their witness interview choices."). Plaintiffs should not be forced to disclose their work product so that they can get access to PII, which is discoverable and which the Defendants already have in their possession.

On that score, *Williams v. City of Chicago*, No. 22 C 1084, 2022 WL 10105656, at *9 (N.D. Ill. Oct. 17, 2022) is instructive. In *Williams*, the Defendants proposed including C.R. files within the definition "confidential" so that no information in C.R. files could be "shared with witnesses outside their actual depositions" without giving the Defendants "advance notice" of what they intended to show to whom and "advance redaction." *Id*. at *1.[7] *Williams* flatly rejected the Defendants' proposal, opining that a procedure that requires a plaintiff to reveal to

---

[7] The Defendants' proposal required that C.R. files not be "released to any other persons except upon written notice, 30 days prior, to the officer's attorney(s) and to the City of Chicago's attorney, if different to permit such attorneys and parties to provide an IFOIA-screened copy of the C.R. files . . .". *Williams*, 2022 WL 10105656, at *2.

8

an adversary which witness plaintiff's attorney is focused on provides a "road map" of the attorney's "intentions and priorities" which does not "facilitate discovery, and plainly violates the attorney work-product doctrine," resulting in a "demoralizing impact on the legal profession." *Id.* "In short, requiring a litigant to drop breadcrumbs about what witnesses a litigant's attorney has deemed worthy of interview and investigation . . . is too close to the kind of piggybacking and invasion into attorney thought process that the Supreme Court prohibited in *Hickman* [*v. Taylor,* 329 U.S. 495 (1947)] and that federal courts including this one have eschewed ever since." *Id*.

      The same rationale applies here. Requiring Plaintiffs to divulge to the Defendants which witnesses they are seeking to locate and interview "plainly violates the attorney work-product doctrine" and magnifies the unfairness of the Defendants' PII redactions: Not only do Plaintiffs not have access to the information, but also if they want it, they have to disclose to the Defendants why.

      The only retort that the Defendants offer is that they are the ones normally asking Plaintiffs for contact information. That is nonsensical. That the Defendants have previously not been able to locate witnesses—even with their PII—does not warrant giving the Defendants an unfair advantage here.

      Nor are the Defendants more successful in their self-serving assertion that they do not gain a litigation advantage from the redactions. To corroborate this claim they suggest that because Plaintiffs cannot identify an instance when this has occurred then no advantage must exist. Dkt. 58 at 6. But how would Plaintiffs have knowledge of such instances. Unlike Plaintiffs, under Defendants' regime, Defendants are allowed to investigate their case without disclosing their investigative plans and/or litigation focus to Plaintiffs. Nevertheless, such proof

9

is not required for the Court to find a litigation advantage. The fact is that Defendants have no barriers to information that would allow them to find witnesses. The barriers only block Plaintiffs.

## Conclusion

For all of the reasons stated above, the Defendants' motion should be denied and this Court should enter the model protective order.

Respectfully Submitted,
**SEAN TYLER**

/s/ Gayle Horn
*One of Plaintiff's Attorneys*

Gayle Horn
Heather Lewis Donnell
Elliot Slosar
Loevy & Loevy
311 North Aberdeen
3rd Floor
Chicago, Illinois 60607
(312) 243-5900


**REGINALD HENDERSON**

/s/ Gabriella Orozco
*One of Plaintiff's Attorneys*

Jennifer Bonjean
Ashley Cohen
Gabriella Orozco
Bonjean Law Group
750 Lexington Ave. 9th Floor
New York, NY 10022
(718) 875-1850

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 3, 2024 she served the foregoing response to all parties of record via CM/ECF.

/s/ Gayle Horn
*One of Plaintiff's attorneys*