**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD HENDERSON, | ) | |
| | ) | Case No. 23 CV 4802 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Durkin |
| v. | ) | |
| | ) | |
| KENNETH BOUDREAU, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SEAN TYLER, | ) | |
| | ) | Case No. 23 CV 4803 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Durkin |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF A**
<u>**CONFIDENTIALITY ORDER**</u>

Defendants, by their respective undersigned counsel, replies in support of their motion for entry of a Confidentiality Order [Dkt. 79] and state:

## INTRODUCTION

Simply put, the Defendants' proposed confidentiality order (hereinafter referred to as "Defendants' Order,"**)** facilitates discovery *in this litigation,* while Plaintiffs' proposed order does not, and likely will have the opposite effect by unnecessarily increasing the costs and burden of discovery *in this litigation*. Plaintiffs' proposed order commands the City to produce two copies of the same CRs: one copy stamped confidential without IFOIA[1] redactions, and a second copy, with IFOIA redactions that would enable Plaintiff to disseminate the CRs to the public.[2] Double production of Complaint Register files ("CRs") is burdensome, and Plaintiffs can articulate no litigation purpose for this demand, especially considering it has been repeatedly litigated throughout the district and nearly universally rejected. [3]

There is no legitimate reason for the City and its counsel to incur that unnecessary burden and cost. Indeed, Plaintiffs' position conflicts with numerous decisions by judges in this district who have consistently found that the City's proposed order "properly treats CR produced in discovery in this litigation as confidential but continues to allow public access pursuant to the

---

[1] Illinois Freedom of Information Act.

[2] The counsel for Tyler and Henderson have litigated this issue many times against the City in many cases, including those involving Reynaldo Guevara.

[3] In one of the two Guevara cases in which the City was ordered to produce both versions, *Sierra v. Guevara,* 18-CV-3029, the City spent approximately 200 hours redacting the two separate sets of CRs, and Plaintiff relied on the substance of zero of those files all the way through expert discovery. In other words, the City wasted 200 hours' worth of taxpayer dollars in that case. Plus, the same law firm representing both Sierra and Plaintiff here, even IFOIA requested many of the Defendant Officers' CRs separately despite the City producing the IFOIA-redacted version.

Illinois Freedom of Information Act."[4] *Reyes v. Guevara,* 18-CV-1028 (N.D. Ill. Feb. 11, 2019) (Harjani, MJ), Dkt. 149; *Bailey v. City of Chicago,* 19-CV-0197 (N.D. Ill. June 2019) (Tharp, J.), Dkt. 58 ("The purpose of the discovery process governed by the Federal Rules of Civil Procedure is limited to the development of evidence relevant to the litigation, not to provide an alternative means for the public dissemination of governmental records outside of the IFOIA process.").

Additionally, Plaintiffs' myopic objections to Defendants' proposed additional language in paragraphs 2(h) and 6 fails to appreciate that this will minimize disputes on confidentiality related to non-defendants' private personnel files and protect sensitive information for the safety of prosecutors, police and their families. Defendants' protective order should be entered as it has been in numerous other reversed conviction cases.

## ARGUMENT

### I. Double Production Of Complaint Register Files Is Wasteful And Unnecessary.

Defendants' Order is consistent with this District's model confidentiality order with the inclusion of additional language regarding the protocol for designating unredacted CRs as "Confidential" under the terms of the order. And this additional language tracks protective orders entered by courts in this district containing similar, if not, identical language regarding the definition of confidential matter and the public release procedure. But despite this allowing Plaintiffs to efficiently gather information relevant to their claims and minimizing the burden on Defendants, Plaintiffs object because they argue CRs should not be confidential and so they want a duplicate set of CRs with IFOIA redactions they can publicly disseminate.[5]

---

[4] Defendants provide a non-exhaustive list of just some of these cases below on page 6 in Section I of their Argument section.

[5] *See Franklin v. Godinez,* 22 C 2886 (N.D. Ill. Jan 30, 2023) (Rowland, J.); *Jackson v. City of Chicago,* 22 C 4374 (N.D. Ill. Jan. 26, 2023) (McShain, J.); *Ochoa v. City of Chicago*, 22 C 2283 (N.D. Ill. Dec. 09, 2022) (Seeger, J.); *Ball v. City of Chicago,* 21 C 4840 (N.D. Ill. Nov. 4, 2022) (Maldonado, J.);

2

First, Plaintiffs' position that the CRs will be used in litigation and should be public disregards Supreme Court and Seventh Circuit precedent. While federal litigation on the merits is a public process, discovery is not and discovery does not become public until the Court needs or uses the information during summary judgment, dispositive motions and ultimately trial. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20 at 33 (1984); *Bond v. Utreras,* 585 F.3d 1061 at 1073 (7th Cir. 2009) ("[W]hile the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records' the same is not true of materials produced during discovery but not filed with the court.").

Second, Plaintiffs' Response conflates the issues when citing *Kalven v. City of Chicago*, 2014 IL App. (1st) 121846, for its holding that CRs are subject to public disclosure after the redactions are made under IFOIA. (Dkt. 85, p. 3). The City is not disputing this holding, rather, the City has proposed a confidentiality order that would require Plaintiffs, in the circumstance where Plaintiffs seek CRs for public dissemination, to obtain those CRs by making an IFOIA

---

*Campbell v. Daniels,* 22 C 2258 (N.D. Ill. Oct. 18, 2022) (Rowland, J.); *Robinson v. City of Chicago,* 21 C 6711 (N.D. Ill. Oct. 6, 2022) (Kness, J.); *Payne v. Landrum,* 22 C 2125 (N.D. Ill. Aug. 30, 2022) (Rowland, J.), *Burden v. Torres,* 22 C 0046 (N.D. Ill. July 15, 2022) (Zee, J.); *Brown v. Bryant,* 18 C 8011 (N.D. Ill. July 5, 2022) (Blakely, J.); *Ferguson v. Cook County,* 20 C 4046 (N.D. Ill. May 12, 2022) (Fuentes, J.); *Pollard v. City of Chicago,* 20 C 7054 (N.D. Ill. April 26, 2022) (Cummings, J.); *Rios v. Guevara,* 22-CV-3973, Dkt. 56 (Kim, MJ); *Bouto v. Guevara,* 19-CV-2441, Dkt. 106, p. 3 and Dkt. 137 (Cox, MJ); *Iglesias v. Guevara,* 19-cv-6508, Dkt. 102, p. 6 and Dkt. 104 (Valdez, J.); *Jakes v. City of Chicago,* 19-CV-2204, Dkt. 107 (Jantz, MJ); *Godinez v. City of Chicago,* 16-CV-7344 (N.D. Ill. February 27, 2017) (Pallmeyer, J), Dkt. 46; *Maysonet v. Guevara*, 18-cv-2342 (Wood, J), Dkt. 71 (over plaintiff's objection); *Solache v. Guevara,* 18-CV-2312, Dkt. 80 (over plaintiffs' objections); *Montanez v. Guevara et al.*, 17-cv-4560, Dkt. 118 (Cole, MJ); *Bailey v. City of Chicago,* 19-CV-0197 (N.D. Ill. June 2019) (Tharp, J), Dkt. 58; *Rodriguez v. Guevara,* 18-CV-7951, Dkt. 156 (Cox, MJ); *Gomez v. Guevara, et al.,* 18-CV-3335, (N.D. Ill. July 2019) (Kocoras, J), Dkt. 74 (Court specifically rejected plaintiff's argument that CRs are inherently public, finding that "CRs do not generally have the breadth of disclosure that is implicit in [plaintiff's] representation in [his] position…[a]nd, apparently, the last three judges to deal with the issue have ruled consistently with that.") (*See* July 30, 2019, Transcript of Proceedings at p. 6, attached hereto as Exhibit A); *Prince v. Kato,* 2019 WL 3554533 (N.D. Ill. July 30, 2019).

request to the appropriate government office, which exists specifically to facilitate the public's access to government documents such as redacted CRs. To be clear, the City is not objecting to the public release of IFOIA redacted CRs, the City is merely requesting that the Plaintiffs seek redacted versions of the CRs by complying "with the requirements set forth under the Illinois Freedom of Information Act," 5 ILCS 140/ *et. seq*.

If Plaintiffs seek to use redacted CRs for purposes outside of this litigation, then the process for redacting and disseminating those redacted CRs should be handled and administered outside of this litigation, as there are laws created specifically for that purpose. Requiring the City attorneys (in this litigation) to make IFOIA redactions to the CRs would delay discovery, unfairly burden Defendants' legal team, lead to potentially inconsistent applications of IFOIA redactions from case to case all with no benefit to any party's interests in this litigation.

Requiring Plaintiffs, as well as other plaintiffs in Section 1983 cases to request redacted versions of CRs through IFOIA will lead to a uniform review of all CRs by the City's IFOIA review personnel, who are trained to make the intensive and required redactions and ensure that the proper redactions of confidential information are made consistently. Accordingly, to the extent Plaintiffs have some need to disseminate the documents to the public, Plaintiffs will not be prejudiced by making a request pursuant to IFOIA should they chose to do so. *Prince,* 2019 WL 3554533, at *4 ("Weighing the importance of disclosure and any potential harms [], the City's request for confidential treatment over CRs yields minimal (if any) negative impact to Plaintiff and the public[.]"). This approach also eliminates potential disputes over the IFOIA redaction of CRs that this Court would need to resolve and installs a more efficient and uniform discovery process.

Defendants' Order allows the City to expedite production of minimally redacted CRs for use in *this* litigation and prevents doubling the amount of work the City's attorneys will be required to do with minimal impact to Plaintiffs. Plaintiffs are not curtailed in their use of the CRs designated under Defendants' Order because Paragraph 5(b)(9) allows Plaintiffs to show those CRs to third parties if the third parties agree not to keep or copy the documents. This approach has been adopted by many judges in this District in numerous cases. *See, e.g.*, *Negron v. Guevara,* 18-CV-2701, Dkt. 105 (Weisman, MJ); *Rodriguez v. Guevara,* 18-CV-7951, Dkt. 156 (Cox, MJ); *Iglesias v. Guevara, et al.,* 19-CV-6508, Dkt. 104 (Valdez, MJ); *Rios v. Guevara,* 22-CV-3973, Dkt. 56 (Kim, MJ). Like the cases listed *supra*, the confidentiality analysis of the CRs and the application of the protective order over the CRs should end there, and there need not be further litigation over the subject.

Plaintiffs' further argument that that the City has already produced CRs for "many of the Defendants in this case" is only partially true. The City has produced some of Defendant Officers' CRs in other cases, but it is *not* routinely ordered to produce IFOIA versions of Defendant Officer CRs on top of the confidential versions (Dkt. 85, p. 4), and double producing would require additional substantial work by defense counsel. Counsel for Plaintiffs are certainly playing coy, as they are well aware that the only cases in which the City was required to double-produce CRs was *Sierra v. Guevara,* 18-CV-3029 (Weisman, MJ) (and only CRs initiated between 1991 and 1995 against detectives assigned to Area 5) and *Lugo v. Guevara*, 23-CV-01738 (Maldonado, J) (required to produce public CRs with IFOIA redactions and unredacted CRs designated as confidential), and those cases did not involve Boudreau or the Area 1 officers named in these two lawsuits here.

5

Further while Plaintiffs seek to minimize the obvious burden by stating they only requested Defendant Officers' CRs, based on past litigation in similar cases, Plaintiffs will very likely request many more CRs of non-parties. In other litigation with Plaintiffs' counsel they have sought over two decades (sometime even three or more) worth of CRs of every instance in which a CPD employee was subject to discipline for failing to follow policies and procedures on numerous topics. Production of anything even close to what Plaintiffs have requested in the past would result in a new production of likely hundreds of thousands of pages that will, should Plaintiffs' plan be implemented, have to be double-redacted and produced.

Indeed, the CR file production in *Sierra* resulted in the City reviewing nearly 11,500 pages from 171 CRs (which grew to 23,000 pages because of the double production) that took approximately 200 hours (in other words, one paralegal or attorney reviewing and redacting documents during a 40 hour work week for five weeks straight), and took the City approximately three to four months to complete the production.[6] And there, the production was limited to CRs initiated against officers assigned to Area 5—as opposed to Area 1, which is the Detective Area at issue here. If Plaintiffs' discovery requests remain consistent as they have in other cases (as recently as a couple months ago in *Gonzalez v. Guevara, et al.* 22-CV-6496), Plaintiffs will request over two decades of CRs against all CPD employees, which, if not narrowed, will result in the production of hundreds of thousands of pages of documents.

---

[6] The City acknowledges that in *Sierra*, Magistrate Judge Weisman concluded that the burden to the City would be the same whether plaintiff received the CRs through regular IFOIA procedures or through federal litigation and that the City's proposed order "rests a portion of discovery in an ancillary state court proceeding." With all due respect, the City disagrees with both of those conclusions. In the City's view, that analysis is incorrect, as IFOIA-redacted CRs are not discovery in this case, rather the discovery in this case are the unredacted CRs. Moreover, the Court in *Sierra* failed to consider that it is the City's attorneys and paralegals *in this litigation* responsible for preparing the IFOIA redactions when requested, not trained IFOIA officers.

The City acknowledges that many years ago, it agreed to do an IFOIA review process for CRs. However, the City learned the hard way that the IFOIA review process adds needless steps, expense, time, and heavy burden to the discovery process and leads to otherwise unnecessary disputes to be resolved by the federal courts. One former case illustrates the point. The Defendants agreed to undertake the IFOIA review process and provide IFOIA redacted CRs in *Baker v. City,* 16-CV-8940 and entered into a similar process to what Plaintiffs seek here.[7] The plaintiffs in *Baker* requested approximately 44 IFOIA compliant CRs from Defendants, consisting of about 5,636 pages that had to be reviewed page by page for appropriate redactions. The IFOIA redaction of those 44 files was an arduous and time-consuming process, taking approximately 100 hours of paralegal time, none of which furthered the litigation.

Determining the particular information to be protected under IFOIA can only be performed on a case-by-case basis with a page-by-page review, because redactors must search for information that falls into any of around 37 IFOIA redaction categories. (*See,* Exhibit B). In addition, IFOIA is ever-changing and the City's IFOIA personnel are best positioned to be aware of those changes and determine how they relate to the redaction of CRs, not the paralegals from the City's outside counsel. Ensuring that redactions are properly made prior to any public release of such protected material is essential and the City's order provides the framework for that contingency while, at the same time, facilitating discovery in this matter through the production of such material for purposes of this litigation.

Finally, Defendants are well aware of this Court's ruling in the companion cases of *Hill v. City* of Chicago, No. 19-CV-6080, Dkt. 105 (N.D. Ill. Aug. 19, 2020), and *Fountain v. City of*

---

[7] This case was consolidated into the *In re: Watts Coordinate Pretrial Proceedings,* Master Docket Case No. 19-CV-1717 (N.D. Ill.)

*Chicago*, Nos. 19-CV-6081, Dkt. 89 (N.D. Ill. , 2020), where the Court held that producing the two versions of the estimated 30 to 40 CRs was not unduly burdensome for the City. (Dkt. 85-2, p. 30) However, unlike *Fountain/Hill*, the City estimates producing approximately 200 CRs in this case just for the Defendants.[8] This five to eight times increase in the number of CRs to be double produced changes the burden analysis, as this Court foreshadowed in *Fountain* if presented with a different scenario. *Id*. And this does not account for the additional non-party CRs that Plaintiffs are sure to seek.

Plaintiffs have abandoned any argument that there is a purpose to double-producing CRs in this litigation other than Plaintiffs wanting to disseminate them to the public. But such desire for extrajudicial public production should not burden the discovery in this case. And Plaintiffs cannot state one legitimate litigation purpose for a need for IFOIA-redacted CRs. Accordingly, Defendants' Order is appropriate.

## II. Plaintiffs' Additional Objections To Paragraphs 2(h) And 6 Of Defendants' Order Should be Overruled.

### a. Additional Language in Paragraph 2(h).

Plaintiffs takes issue with Defendants adding the following category of documents to be designated as confidential in Paragraph 2(h):

> *(h) employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses, non-party witnesses, and non-party employees of the City of Chicago. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like as well as personal and family information of police officers and state's attorneys, including residential information.*

---

[8] This ultimately was all for naught because both Fountain's and Hill's suits were dismissed for want of prosecution after their counsel (also Loevy & Loevy) withdrew Minute Entry, *Fountain*, No. 19-cv-6081, Dkt. 239; *Hill*, No. 19-cv-6080, Dkt. 269 (N.D. Ill. Feb. 28, 2024).

But there is no public interest in City employees' personnel files, employment applications, disciplinary records, performance evaluations or requests for medical leave and Plaintiffs have not identified any. Thus, the question is "whether the potential harm" to the individuals whose files are at issue "outweighs the importance of disclosure to the public" of discovery materials. *Lane v. Salgado,* 2014 WL 889306, at *2 (N.D. Ill. Mar. 5, 2014).

There is a "substantial interest" in ensuring that the discovery process is not "abuse[d]" such that it causes "damag[e] to reputation." *Seattle Times,* 467 U.S. at 35. In this case, damage could be caused to City employees' privacy, security and reputations if their employment records are publicly disclosed and that potential harm far outweighs any benefit of disclosing these employment documents to the public. *See, Prince,* 2019 WL 3554533, at *5. Accordingly, these records should be maintained as confidential.

While Plaintiffs correctly state that some of the documents that fall into paragraph 2(h)'s proposed category may also be within the purview of other categories included in the model protective order, that does not nullify the need for clarity in the protective order. The model order provides the general categories of materials that should be designated as confidential, but the specific facts and circumstances of the case, the law and local rules allow parties to seek additional protection of specific documents. *Calhoun v. City of Chicago,* 273 F.R.D. 421, 422 (N.D. Ill. 2011). And Paragraph 2(h) clearly describes the type of documents that should be designated as confidential under Defendants' Order and will avoid disputes over the confidentiality of subsets of documents in the employee files.

Finally, the Defendants' Order provides a mechanism by which to challenge the treatment of the confidential designation on a case-by-case basis, should Plaintiffs dispute the designation, allowing for the Court to decide the issue with real examples. For example in *Gomez v. City of*

*Chicago,* the court agreed that designating City employee personnel and employment files confidential was appropriate and held that if the plaintiff "believes public disclosure of the files at issue is necessary to the prosecution of his case, he should set forth why and seek leave," including an "*in camera* review by this Court of the specific documents in question." 2017 WL 5517254, at *3 (N.D. Ill. Nov. 17, 2017). The plaintiff in *Gomez* (represented by the same counsel as Plaintiff here) never requested leave to publicly disclose any file and discovery is now closed. Thus, paragraph 2(h) facilitates discovery and avoids disputes and should be included.

### b. Defendants' Proposed Paragraph 6

Finally, Plaintiffs object to the inclusion of the following Paragraph:

> 6. **Redaction of Personal Identifying Information.** Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former Assistant State's Attorney or individual police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.

This section is necessary to protect the personal identifying information of non-defendant police officers, ASAs, and their families. Allowing such information to be produced would not only violate their privacy rights but would pose a safety risk for that ASA, officer, and their family. While Plaintiffs argue this hides information from them, in the event Plaintiffs demonstrate a need certain birth dates to identify non-defendant police officer witnesses, such information may be provided on a case-by-case basis.

Numerous courts have agreed to the inclusion of paragraph 6 over plaintiffs' objections Faced with a similar objection, Magistrate Judge Harjani held that "this type of sensitive, personal identifying information" was "reasonably necessary and appropriate to protect" in discovery, as

10

the social security numbers or names of an officer's family have no relevance to the underlying issues.[9] *Prince,* 2019 WL 3554533, at *5. For all these reasons, paragraph 6 should be included.

WHEREFORE, Defendants respectfully request this Honorable Court grant their Motion and enter Defendants' Proposed Confidentiality Order, and for any other relief as this Honorable Court deems just and reasonable.

Date: July 19, 2024                                                         Respectfully submitted,

/s/Brittany Johnson                                                         /s/ Alexis M. Gamboa
BRITTANY JOHNSON                                                    ALEXIS M. GAMBOA, Atty. No. 6331348
*One of the Attorneys for Officer Defendants*              *One of the Attorneys for Defendant City of Chicago*

Andrew J. Grill                                                                James G. Sotos
Eileen Rosen                                                                   Lisa M. Meador
Brittany Johnson                                                            David A. Brueggen
Patrick Moran                                                                 George J. Yamin Jr.
Annie Goldstein                                                              Daniel J. McGinnis
Rock Fusco & Connelly, LLC                                        Alexis M. Gamboa
333 W. Wacker Drive, 19th Floor                                  THE SOTOS LAW FIRM, P.C.
Chicago, IL 60606                                                          141 W. Jackson Blvd, Suite 1240A
Tel: (312) 494-1000                                                         Chicago, IL 60604
                                                                                         Tel: (630) 735-3300
                                                                                         agamboa@jsotoslaw.com

/s/ Stephen Mehr
STEPHEN MEHR
*One of the Attonrneys for Steve Klaczynski and Virginia Bigane*

---

[9] *See Sierra v. Guevara,* 18-CV-3029 (Weisman, MJ), Dkt.123; *Bailey v. City of Chicago,* 19-CV-0197 (N.D. Ill. June 2019) (Tharp, J.), Dkt. 59 (holding that "Copies of CRs, with redactions limited as set forth in Paragraph 5, will be produced to the plaintiffs in discovery and may be used only for purposes of this litigation[]"); *Gomez v. Guevara,* 18-CV-3335 (N.D. Ill. July 2019), Dkt. 74 (Kocoras, J); *Rodriguez v. Guevara,* 18-CV-7951 (N.D. Ill. June 29, 2021), Dkt. 156 (Cox, MJ); *Bouto v. Guevara,* 19-CV-2441 (N.D. Ill. June 23, 2020), Dkt. 137 (Cox, MJ).

11

Matthew R. Howroyd
James M. Lydon
Stephen Mehr
Michael C. Stephenson
Hinshaw & Culbertson LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
Tel: (312) 704-3288

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on July 19, 2024, I electronically filed the foregoing **Defendants' Reply in Support of Motion for Entry of a Confidentiality Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed below.

***Attorneys for Plaintiff Reginald Henderson:***
Jennifer A. Bonjean
Ashley B. Cohen
Gabriella Orozco
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com
gabriella@bonjeanlaw.com

***Attorneys for Cook County***
Kelli Huntsman
Cook County State's Attorney's Office
500 Richard J. Daley
Chicago, IL 60602
312-603-7379
kelli.huntsman@cookcountysao.org

**Attorney for Steven Klaczynski and Virgina Bigane**
Matthew R. Howroyd
James M. Lydon
Stephen Mehr
Michael C. Stephenson
Hinshaw & Culbertson LLP
151 N. Franklin St, Suite 2500
Chicago, IL 60606
312-704-3288
mhowroyd@hinshawlaw.com

jlydon@hinshawlaw.com
smehr@hinshawlaw.com
mstephenson@hinshawlaw.com

**Attorney for Defendant Officers**
Eileen Rosen
Andrew Grill
Brittany Johnson
Patrick Moran
Annie Goldstein
Rock Fusco & Connelly, LLC
333 West Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com
pmoran@rfclaw.com
agoldstein@rfclaw.com

**Attorneys for Plaintiff, Sean Tyler:**
Heather Lewis Donnell
Gayle Horn
Elliot Slosar
Loevy &Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Tel: (312)243-5900
heather@loevy.com
gayle@loevy.com
elliot@loevy.com

/s/ Alexis M. Gamboa
ALEXIS M. GAMBOA, Atty. No. 6331348
*One of the Attorneys for Defendant City of Chicago*

13