UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD HENDERSON, | ) | |
| | ) | Case No. 23 CV 4802 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Georgia Alexakis |
| v. | ) | |
| | ) | |
| KENNETH BOUDREAU, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SEAN TYLER, | ) | |
| | ) | Case No. 23 CV 4803 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Georgia Alexakis |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**QUALIFIED HIPAA AND MHDDCA PROTECTIVE ORDER**

This matter having come to be heard for the Entry of an Agreed Qualified HIPAA and Mental Health Protective Order, due notice hereof having been given, and the Court being fully advised in the premises, the Motion for Qualified HIPAA and Mental Health Protective Order is GRANTED and the Court finds:

During the course of this litigation, it may be necessary to produce, disclose, receive, obtain, subpoena, and transmit medical, mental health, and drug and alcohol treatment/rehabilitation information of Plaintiffs Sean Tyler and Reginald Henderson ("Plaintiffs").

Good cause exists for the entry of a HIPAA and MHDDCA Protective Order for

1

Plaintiffs' medical, mental health, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of medical, mental health and drug and alcohol treatment/rehabilitation information during the course of this litigation.

  Accordingly, IT IS HEREBY ORDERED as follows:

A. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit medical information/"protected health information" (also referred to herein as "PHI"), and mental health information pertaining to Plaintiffs, as protected by HIPAA ("Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 USC (2002)), and the Illinois Mental Health and Developmental Disabilities and Confidentiality Act (740 ILCS 110/1 et seq.) 2 to the extent and subject to the conditions outlined herein.

B. The following words and terms are defined for purposes of this agreed, qualified protective order:

  1. "Parties" shall mean Plaintiff, Sean Tyler, Reginald Henderson, Defendant, City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

  2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

  3. "MHDDCA" shall mean the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17.

  4. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

5. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards.

6. "Mental Health Communication" shall mean "communication" as that term is defined in MHDDCA.

7. "Mental Health Record" shall mean "record" as that term is defined in MHDDCA.

C. The Parties are familiar with HIPAA, MHDDCA, and the Privacy Standards.

D. The Parties recognize that it may be necessary during the course of the above-captioned litigation (the "Litigation") to produce, disclose, receive, obtain, subpoena, and/or transmit PHI, Mental Health Communication, and/or Mental Health Record of John Plaintiffs.

E. The Parties agree to the following terms and conditions:

1. The Parties and their attorneys are hereby authorized to receive, subpoena, and transmit PHI, Mental Health Communication, and/or Mental Health Record pertaining to Plaintiffs, subject to the conditions outlined herein. All "covered entities" (as defined by 45 C.F.R. §160.103) are hereby authorized to disclose PHI, Mental Health Communications, and/or Mental Health Records pertaining to Plaintiffs to attorneys representing the Parties in the Litigation.

2. The Parties further agree that any subpoena issued for Mental Health Records, as defined under MHDDCA, pertaining to the Plaintiff, shall be returnable to Plaintiffs' counsel for review for privileged materials. Plaintiffs' counsel shall conduct an expedited review and produce all non-privileged records within seven (7) days of receipt of the production. In the event Plaintiffs' counsel believes a privilege applies, those documents shall be produced to the Court within seven (7) days of receipt of the production for an *ex parte* review of those specific documents.

3. The Parties agree to seek, obtain, or disclose Plaintiffs' PHI, Mental Health Communication, and/or Mental Health Record only pursuant to formal discovery requests, subpoenas, depositions, or other lawful discovery tools.

4. The Parties agree not to use or disclose the PHI, Mental Health Communication, and/or Mental Health Record released in this proceeding for any other purpose other than prosecuting or defending the Litigation or in any other proceeding. Permitted disclosure includes disclosure to the Parties' attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and/or insurance carriers of a party (but only to the extent counsel determines in good faith that the actual or alleged coverage or contract with the insurance carrier(s) pertains, may pertain, or allegedly pertains to the litigation).

5. Prior to disclosing PHI, Mental Health Communication, and/or Mental Health Record to the persons identified in paragraph 3, counsel shall inform each such person that PHI, Mental Health Communication, and/or Mental Health Record may not be used or disclosed for any purpose other than this Litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI, Mental Health Communication, and/or Mental Health Record do not use or disclose such PHI, Mental Health Communication, and/or Mental Health Record for any purpose other than this Litigation.

6. The Parties agree to store all PHI, Mental Health Communication, and/or Mental Health Record while it is in their possession according to the Privacy Standards.

7. The Parties agree that within 45 days after the termination of this Litigation, they shall return all PHI, Mental Health Communication, and/or Mental Health Record (including all copies made) obtained during the course of this Litigation to the attorney representing the person whose PHI, Mental Health Communication, and/or Mental Health

Record was released during the course of this Litigation, and/or to destroy the PHI, Mental Health Communication, and/or Mental Health Record (including all copies made) obtained during the course of this Litigation pursuant to the Privacy Standards.

8. Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

DATE: 10/18/24

_____
Georgia N. Alexakis

United States District Court Judge